VILAS COUNTY and another, Appellants, vs. INDUSTRIAL COMMISSION OF WISCONSIN and another, Respondents.

*December 6, 1929—January 7, 1930.*

For the appellant, Norwich Union Indemnity Company there was a brief signed by *James E. Coleman* of Milwaukee and *Derham & Derham* of Iron Mountain, Michigan, and oral argument by *William J. McCauley* of Milwaukee.

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

OWEN, J.   Elmer Monk, while acting as a member of a *posse comitatus* organized to accomplish the arrest of Jerry Brandenberg and William Stanley, in Vilas county, sustained injuries in the nature of a gun-shot wound, and made application to the Industrial Commission for compensation under the provisions of the workmen's compensation act. This action is brought to set aside the award made to said

Elmer Monk. The principal reason urged in that behalf is that said Elmer Monk was not lawfully a member of said posse, in that he was neither requested nor deputized by the sheriff to assist in accomplishing the arrest of the fugitives.

The wounding of Monk was a sequel to the murder of George Rutherford, the circumstances of which are detailed in *Presque Isle v. Rutherford, ante,* p. 446, 228 N. W. 589. It appears that Boring, who shot George Rutherford, was arrested by the deputy sheriff, Oscar Knabe, and taken to the village of Winegar. When arrested, Boring denied shooting Rutherford, and told the deputy sheriff that George Rutherford was shot by two other persons, namely, Jerry Brandenberg and William Stanley. The populace of the village of Winegar manifested a hostile attitude towards Boring, and the deputy sheriff deemed it wise to proceed with Boring to the county jail at Eagle River. Before proceeding to Eagle River, however, he informed the citizens of Winegar of the charge made by Boring against Brandenberg and Stanley. He called upon Weston McKenzie and Harry Rutherford, citizens of Winegar, to search for Stanley and Brandenberg, take them into custody, getting others to assist them if necessary. Harry Rutherford, one of the persons called upon by the deputy sheriff, met Elmer Monk and asked him if he would accompany them, Rutherford and others, in search for Brandenberg and Stanley. Monk assented and was given a gun. He was not sworn in, nor was any statement made that he was being deputized or directed to go. During the search Monk and one Garas encountered Stanley and Brandenberg, and in the effort to take them into custody Monk sustained the gun-shot wound for which compensation was awarded.

The argument on the part of the defendant proceeds on the theory that one who is called to the aid of an officer in making an arrest must be formally and specifically requested, deputized, or sworn in, in order to enjoy the rights, powers,

or immunity of the officer. This contention.was squarely met and answered by this court in *Krueger v. State,* 171 Wis. 566, 583, 177 N. W. 917. It was there said:

"In the very nature of things a call for assistance on the part of the sheriff or other officer cannot always be addressed with discrimination and to specific individuals. The call generally comes when the sheriff is hard-pressed. It may be in the nature of a cry of despair or a bugle call to arms, calling upon all who may hear it, or be advised of it, to rally to the assistance of the officer endeavoring to serve legal process and thus to maintain the majesty of the law. Under such circumstances there is a duty resting on all citizens who know of the call to go to the relief of the officer, even though failure to perform the same does not constitute an offense under sec. 4488, Stats."

In that case deputies went to the village of Withee to secure help. They called upon persons indiscriminately, who in turn passed the call to others, to rally at the Krueger farm. In response to that appeal, a posse of considerable proportions was assembled, and it was held that all who were there lending assistance to the deputy United States marshal in the apprehension of those for whom he held warrants were entitled to the same protection and immunity extended to the deputy marshal himself. There is no distinction between the situation there under consideration and the circumstances here presented. The search for Stanley and Brandenberg was initiated by the deputy sheriff, who called upon two men in the village of Winegar to take necessary assistance and accomplish their capture. It was a duty of citizenship devolving on all who knew of this appeal to respond to the call. The contention that Monk was a member of a mob rather than a duly organized and authorized force to uphold the majesty of the law cannot be sustained. He was rendering services at the time of his injury entitling him to compensation from Vilas county under the express provisions of the workmen's compensation act.

The amount of the award is challenged upon exactly the same grounds that were considered in the case of *Presque Isle v. Rutherford, ante,* p. 446, 228 N. W. 589, and it must be sustained upon the considerations therein set forth.

*By the Court.*—Judgment affirmed.