SHAWANO COUNTY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*November 4—December 3, 1935.*

For the appellant there was a brief by *Louis W. Cattau,* district attorney of Shawano county, and *Eberlein & Larson* of Shawano, and oral argument by *M. G. Eberlein.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

MARTIN, J.    The appellant, under sec. 59.08, Stats., duly enacted the following ordinance:

"Section III.    No person shall hold or conduct a public dance except that he shall have present at said dance a duly authorized and acting dance inspector . . . and said person so holding said dance shall pay to said inspector at the conclusion of the dance the sum of $5.

"Section IV.    It shall be the duty of such inspector to be present at such dance to see that the laws of the state, the ordinance, rules and regulations are complied with and enforced and for this purpose such inspector shall have the powers of a deputy sheriff. . . . Such inspector while present at any such dance in case of any such violation or noncompliance or in case of any gross violent or vulgar disorder or conduct . . . may in the name of the county order such dance discontinued and hall closed.

"Section V.    The county board immediately upon the passage of this ordinance and annually thereafter shall select from persons recommended by the county board, one man from each town, village, and city in Shawano county, whose duty it shall be to supervise public dances according to assignments to be made by the county clerk.    The inspectors or supervisors so selected by the county board shall qualify

within ten days thereafter, by filing with the county clerk the regular oath of office required by statute.

"Section VII. Dance hall inspectors shall receive compensation in the sum of $5 for each dance inspected."

The material facts are not in dispute. On and for some time prior to May 17, 1933, one Robert Sigl was one of the duly appointed and acting dance hall inspectors in and for Shawano county, said appointment having been made by the county board of said county pursuant to the aforesaid ordinance.

It appears that a dance was held in Kolb's Hall, a public dance hall located in Shawano county, on the night of May 17, 1933; that said Sigl was in attendance at said dance in his official capacity as dance hall inspector. The respondent, Nelson La Violette, was a patron at said dance, and was acquainted with Sigl for a number of years. During the evening five men came to the dance together, one of whom, it is claimed, entered the dance hall without paying the admission fee. The inspector, anticipating some trouble, requested La Violette to assist in putting such person out of the dance hall. After leaving the dance hall, and while the person so removed and some of his friends who accompanied him to the dance were out on the porch adjoining the dance hall, he called Sigl out on the porch to discuss the matter. Whereupon the person so removed from the dance hall and two or three of his friends made an attack on Sigl. In response to Mr. Sigl's request to assist him, Mr. La Violette went to his assistance. Thereupon at least two of the party assaulted and beat La Violette, during which assault he sustained an injury to his left eye, resulting later in the total loss of vision in said eye.

The respondent La Violette thereafter filed an application with the Industrial Commission claiming compensation for the injury to and loss of vision of his left eye, on the theory that he was an employee of Shawano county at the time he

sustained such injuries, by reason of having been called by the dance hall inspector to stop the assault upon him and to maintain order at said dance.

A hearing was had before one of the examiners of the Industrial Commission, and on April 26, 1934, said examiner made certain findings, among others the following:

"The examiner finds that the applicant attended a dance at Kolb's Corners near Green Bay on the evening of May 17, 1933; that five young men from Green Bay came to this dance that evening to 'clean up the place;' that the inspector, Robert Sigl, was apprised of their intentions before they entered the dance hall; that the inspector then and there, anticipating trouble, requested the applicant to assist him in quelling the disturbance if any occurred; that within a very few minutes the young men entered and started disturbance; that the applicant assisted the inspector in restoring order; that while so engaged the applicant suffered injury to his left eye, resulting in total loss of vision thereof."

The examiner made further findings as to the applicant's wage, age, and that the county had notice of his injury within thirty days from the date thereof. There is a finding "that the applicant did not suffer any temporary total disability as a result of his injury; that for total loss of vision in his left eye, after deducting seventeen and one-half per cent on account of his age, the applicant becomes entitled to indemnity for two hundred and six and one-quarter weeks at $14.70 per week, of which forty-eight and one-quarter weeks have accrued in the amount of $709.28; that the unaccrued indemnity for one hundred and fifty-eight weeks amounts to $2,322.60 payable in monthly instalments of $63.70," and thereupon entered an order directing Shawano county to pay to the applicant the sum of $709.25 within ten days from date of order, and on May 20, 1934, and monthly thereafter, the sum of $63.70, until the further sum of $2,322.60 was paid, or until otherwise ordered by the commission.

No review by the Industrial Commission as a body was requested, and this action was brought to set aside the findings and order entered as aforesaid, the contention of the county being that there was no evidence to sustain any finding of liability on the part of the county on the theory that the applicant was an employee of the county at the time he was injured. The trial court sustained the applicant's contention of liability on the part of the county on the theory that he was an employee at the time he was injured, but the trial court held there was no evidence in the record as to how many nights Sigl had been employed as dance hall inspector during the year immediately preceding May 17, 1933, and, further, that there was no evidence in the record that any dance inspector worked substantially the whole of the previous year; hence there was no basis for determining the compensation under the provisions of par. (b) of sub. (2) of sec. 102.11, Stats. The trial court entered the following order:

"It is hereby ordered that the record be remanded to the Industrial Commission for the purpose of determining the compensation under par. (c) of sub. (2) of sec. 102.11, Stats."

It is the contention of the respondents that Shawano county is liable under the provisions of the Workmen's Compensation Act under the decisions of this court in *Krueger v. State,* 171 Wis. 566, 583, 177 N. W. 917; *Vilas County v. Industrial Comm.* 200 Wis. 451, 228 N. W. 591; and *West Salem v. Industrial Comm.* 162 Wis. 57, 155 N. W. 929. Mr. Sigl, at the time and place in question, was a duly appointed and acting dance hall inspector performing his duties under and by virtue of the aforesaid ordinance. He possessed such authority as is provided in said ordinance. It was his duty to see that the laws of the state, the ordinance, and the rules and regulations adopted in connection therewith

were complied with and enforced, and for such purpose said inspector had the powers of a deputy sheriff. Such inspector is required by the ordinance to file a report in writing with the county clerk within one week after the holding of such dance as to the general conduct of the dance, the general demeanor of those present thereat, any violation of law, ordinances, or rules and regulations governing the same which may come under his observation.

While Mr. Sigl at the time was a duly appointed deputy sheriff for Shawano county, having been appointed as such by the sheriff of the county, on the night in question he was not acting in his capacity of a deputy sheriff. His official capacity at the time was that of a dance hall inspector, properly appointed and possessed of the powers of a deputy sheriff by virtue of section IV of the ordinance above quoted. Having the powers of a deputy sheriff in case of necessity, he had the right to call on Mr. La Violette and others for assistance.

In *Vilas County v. Industrial Comm., supra,* the deputy sheriff of the county asked certain individuals to search for certain criminals, getting others to assist if necessary. Mr. Monk, one of the persons requested to assist, was injured and awarded compensation under the Workmen's Compensation Act, which award was sustained by this court. The same situation was present in *West Salem v. Industrial Comm., supra.* That is, in both cases a deputy sheriff called for assistance. In both cases the persons responding to such call were injured while rendering assistance. In the first-mentioned case, the injured person was deemed to be an employee of Vilas county when injured, and in the latter case the injured person was held to be an employee of the village of West Salem, within the meaning of the Workmen's Compensation Act.

No particular formality is required, where an officer finds it necessary to call for assistance, to render it a duty of citi-

zenship to respond.   In *Krueger v. State, supra,* this court said:

". . . There is no requirement of the law that in order to enjoy the immunity and protection accorded to an officer under such circumstances a citizen must be formally and specifically called to the assistance of the officer, or that he be specially commissioned or sworn in in that capacity.   In the very nature of things a call for assistance on the part of the sheriff or other officer cannot always be addressed with discrimination and to specific individuals.   The call generally comes when the sheriff is hard-pressed.   It may be in the nature of a cry of despair or a bugle call to arms, calling upon all who may hear it, or be advised of it, to rally to the assistance of the officer endeavoring to serve legal process and thus to maintain the majesty of the law.   Under such circumstances there is a duty resting on all citizens who know of the call to go to the relief of the officer, even though failure to perform the same does not constitute an offense under sec. 4488, Stats.   It is a moral duty incident to citizenship. . . ."

The county was Sigl's employer at the time in question, not because he was deputy sheriff, but because he was in the county's employ as a dance hall inspector.   As such inspector, having the powers of a deputy sheriff specifically conferred by the county ordinance, he had the right to call on Mr. La Violette for assistance; and while so assisting, Mr. La Violette became an employee of the county, and as such is entitled to compensation for the injuries he sustained.

Appellant's counsel contends that the decision of this court in *Rainbow Gardens v. Industrial Comm.* 186 Wis. 223, 202 N. W. 329, is applicable to the facts in the instant case.   We think that case is readily distinguishable from the facts here, and that the instant case is ruled by the case of *Vilas County v. Industrial Comm., supra,* and the case of *West Salem v. Industrial Comm., supra.*

*By the Court.*—Judgment affirmed.