SHAWANO COUNTY, Appellant, vs. INDUSTRIAL COMMISSION and another, Respondents.

*December 9, 1938—January 10, 1939.*

For the appellant there was a brief by *L. W. Cattau,* district attorney, and *Eberlein & McCarthy* of Shawano of counsel, and oral argument by *M. G. Eberlein.*

For the respondent Industrial Commission there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

For the respondent Nelson La Violette there was a brief by *Evrard & Evrard* of Green Bay.

FRITZ, J. On this appeal the plaintiff seeks a reversal of a judgment confirming an award made by the Industrial Commission for the payment of compensation by the plaintiff to the defendant, La Violette. The facts as to the latter's injury while performing services as a dance-hall inspector, upon being called to assist Robert Sigl, a duly appointed and acting

dance-hall inspector for the plaintiff, are stated in *Shawano County v. Industrial Comm.* 219 Wis. 513, 517, 263 N. W. 590. We then affirmed a judgment under review which sustained La Violette's right to the payment of compensation by the plaintiff, but by which an award, made under par. (b) of sub. (2) of sec. 102.11, Stats. 1933, was vacated on the ground that there was no basis for computing compensation thereunder because there was no evidence that any official dance-hall inspector had worked substantially during the whole of the preceding year, or as to how many nights Sigl had been employed in that capacity during that year. By the judgment then affirmed it was ordered "that the record be remanded to the Industrial Commission for the purpose of determining the compensation under par. (c) of sub. (2) of sec. 102.11, Stats." Pursuant to that order, the Industrial Commission computed the compensation under the provisions in par. (c) of sub. (2) of sec. 102.11, Stats. 1933, which read:

"In cases where the foregoing methods of arriving at the average annual earnings of the employee cannot reasonably and fairly be applied, such average annual earnings shall be taken at such sum as, having regard to the previous earnings of the employee, and of other employees of the same or most similar class, working in the same or most similar employment, in the same or a neighboring locality, shall reasonably represent the average annual earning capacity of the injured employee at the time of the injury."

Proof taken accordingly by the commission established that neither the plaintiff, nor any other county, had employed such an inspector with sufficient regularity during the preceding year to warrant holding that his earnings in that position reasonably represented the average annual earning capacity of an employee injured while so engaged. On the other hand, the proof established that the most similar class or employ-

ment was that of deputy sheriffs, and that the commission was warranted in finding and determining that—

"no deputy sheriff in Shawano county worked full time; that an employee of the same class, namely a deputy sheriff in a neighboring place, namely Marathon county, Wisconsin, did work substantially the entire year and did earn during that year a salary of $100 per month which is equivalent to a weekly wage of $23.08; . . . that having regard to the previous earnings of the applicant and of other employees of the same or most similar class working in the same or most similar employment in a neighboring locality, said wage fairly represents the earning capacity of the applicant at the time of his injury."

In challenging the commission's award on the basis of that average weekly wage of $23.08, the plaintiff contends that it was error to use as the basis the wages paid the full-time deputy sheriff by Marathon county. That contention must be overruled. The commission was required, by the judgment theretofore affirmed, to compute the compensation under sec. 102.11 (2) (c), Stats. 1933. As La Violette had never worked theretofore as such an inspector, and neither Sigl, nor any other inspector in Shawano, or any other county, had worked with sufficient regularity to render his earnings in that capacity eligible, under the statute, as the basis for computing the average annual earnings, the commission was required to give due regard to "the previous earnings . . . of other employees of the . . . most similar class, working in the . . . most similar employment, in the same or a neighboring locality." That warranted the commission in holding, under the proof, that employment as a deputy sheriff was the most similar employment; and, as no one was so employed in Shawano county during substantially the whole of the preceding year, or with sufficient regularity to render his earnings competent as the basis for computation to be made under sec. 102.11, Stats., the commission's award could be based on

the fact that in the adjacent county of Marathon the salary of the deputy sheriff, who had worked substantially the whole of the preceding year, was $1,200. None of the other neighboring or adjacent counties employed a deputy sheriff during substantially the whole of the year with the exception of Portage county, whose deputy sheriff received $50 per month and his board. It follows that, as the award now under review was proper under the proof, and was computed in accordance with statutory provisions held applicable by the judgment affirmed in 219 Wis. 513, 263 N. W. 590, the trial court rightly confirmed the award.

*By the Court.*—Judgment affirmed.