LARSON, Appellant, vs. LESTER and another, Respondents.

*September 11—October 9, 1951.*

For the appellant there was a brief by *Douglas & Omernik* of Spooner, and *Robert L. Grindell* of Frederic, and oral argument by *Mr. Edward E. Omernik* and *Mr. Grindell.*

*E. D. Jensen* of Grantsburg, and *E. Nelton* of Balsam Lake, for the respondents.

MARTIN, J.   The complaint states, among other things:

"II. That the defendant David Lester is the village policeman and/or marshal employed under contract by the defendant village of Grantsburg, and said defendant David Lester is herein proceeded against in his official capacity as village policeman and/or marshal of the village of Grantsburg; and that in the several times hereinafter mentioned in this complaint the defendant David Lester has at all such times been and is now the village marshal and/or village policeman in the employment of the village of Grantsburg, Burnett county, Wisconsin, and that his post-office address is Grantsburg, Wisconsin; . . .

"IV. That heretofore and about 2:30 o'clock in the forenoon of 9 July, 1950, the defendant David Lester, while acting as a village policeman and/or village marshal of the village of Grantsburg and while dressed in the uniform of such marshal, wearing a policeman's badge and armed with a loaded revolver and/or pistol, did on said 9 July, 1950, at the village of Grantsburg, Burnett county, Wisconsin, with force and arms make an assault upon the afore-mentioned Kermit Larson, the minor son of the plaintiff, and then and there did shoot the said Kermit Larson and severely bruise and wound him with a 38-caliber revolver and/or pistol, to the plaintiff's damage in the sum of $6,557. That such assault so committed by the defendant upon the plaintiff's said son, Kermit Larson, was unlawful and wilful on the part of the defendant and committed upon the body of said Kermit Larson without excuse or justification; . . .

"VII. At the time when the defendant David Lester committed the assault upon the body of plaintiff's said son, Kermit Larson, the said David Lester was then and there acting as a policeman and/or village marshal of the defendant village of Grantsburg, Burnett county, Wisconsin, pursuant to a contract between the said village and the said David Lester. That the said David Lester was then and there a public officer in the employment of the defendant village of Grantsburg; that the plaintiff is informed and verily believes and upon

such information alleges the fact to be that the defendant David Lester at the time when he made the assault upon the said Kermit Larson then and there acted in good faith, believing that he was carrying out his duty as a police officer under the circumstances; . . .

"VIII. That the reason why the defendant village of Grantsburg is made a party defendant in this action is because of the provisions of section 270.58 of the Wisconsin statutes, which require under certain circumstances that the municipal corporation employing a public officer be liable for the acts of such official causing damage to other persons under the conditions as mentioned in said section 270.58 of said statutes."

It is the opinion of the court that the complaint states a cause of action against the defendant Lester in his official capacity.

Sec. 263.27, Stats., provides:

"In the construction of a pleading for the purpose of determining its effect its allegations shall be liberally construed, with a view to substantial justice between the parties."

Plaintiff states in par. II of the complaint that he is proceeding against defendant Lester "in his official capacity." The statement may be a conclusion of law, but this court has said:

"The first criticism is that many of the necessary allegations of fact are supplied only by conclusions of law, illustrating by the allegation that defendant *Nelson* was 'the duly qualified treasurer of the plaintiff village' between certain dates and that his bond was 'duly approved' and his successor 'duly elected and qualified.' This criticism is without merit. Where the ultimate fact essential to a cause of action is brought into existence by a series of detail acts and events, it is entirely competent and sufficient to plead those detail acts according to their legal effect, . . ." *Prentice v. Nelson* (1908), 134 Wis. 456, 458, 114 N. W. 830.

"Matters of mixed law and fact, the ultimate of which is, in a broad sense, a fact, may be pleaded according to their

legal effect. . . . every reasonable intendment must be indulged in in favor of the pleading." *Schmidt v. Joint School Dist.* (1911), 146 Wis. 635, 639, 132 N. W. 583.

In *Smith v. Board of Supervisors* (1878), 44 Wis. 686, 690, where the allegation under consideration was that a certain agreement for the sale of tax certificates was made with defendant "through the county treasurer, the defendant's duly authorized agent," the court said:

"To have set out this authority specially and fully would have been the better pleading; but we cannot say that it was indispensable, if the above language can be construed as a sufficient general allegation of authority for which it was probably intended by the pleader; and by a liberal construction we think it may be so treated and understood; and the defendant's counsel might have moved that the complaint be made more definite and certain in this respect, if desired."

The village is a proper party defendant.
Sec. 270.58, Stats., provides:

"Where the defendant in any action, writ, or special proceeding, except in actions for false arrest, is a public officer and is proceeded against in his official capacity and the jury or the court finds that he acted in good faith the judgment as to damages and costs entered against the officer shall be paid by the state or political subdivision of which he is an officer."

There is no question but that the village could be interpleaded.
Sec. 260.11 .(1), Stats., provides:

"Any person may be made a defendant who has or claims an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the questions involved therein. . . ."

The village is certainly a necessary party to the complete determination of the question here involved. If it is found upon the trial that Lester was indeed a public officer of the

village at the time of the assault, that he was acting in his official capacity and in good faith, any judgment entered against him "shall be paid by the . . . political subdivision of which he is an officer." If the village could not be made a party and if, under that provision of sec. 270.58, Stats., it were ultimately to be held liable for payment of a judgment against David Lester, a grave question of the constitutionality of this statute would be involved.

In its memorandum opinion the trial court has discussed at some length the doctrine of governmental function.

In *Schumacher v. Milwaukee* (1932), 209 Wis. 43, 46, 243 N. W. 756, the court considered the effect of sec. 66.095, Stats. (now sec. 85.095 (2)), which provided that anyone suffering damage resulting from the negligent operation of a motor vehicle owned and operated by a municipality in the performance of its business, may file a claim against the municipality and it shall have the right to allow, compromise, settle, and pay the same, and that in the event such claim is disallowed suit may be instituted against such municipality. The court held that the statute could apply only in cases where the city is engaged by its servants in the discharge of a governmental function, and stated:

"It is true that statutes in derogation of the common law are to be strictly construed, but that does not mean that the court is to struggle to defeat the purpose of the legislature. While language might have been used which was more definite and certain, construing the act as a whole, having reference to the law as it was at the time the act was passed, it is considered that the clear legislative intent and purpose was to create a liability on the part of the city in favor of those who were injured by the negligent operation of vehicles owned and operated by the city in the discharge of a governmental function as well as in its proprietary capacity. If municipal business was not intended to include business transacted in the performance of a governmental function, then the section amounts to nothing because as to the nongovernmental acts the city was already liable when it acted in a proprietary capacity."

It is our opinion that the language of sec. 270.58, Stats., is plain and unambiguous and requires no construction. The legislative history of this enactment discloses that it was the intention of the legislature to make its scope as broad as possible, and it is our opinion that it did so when it covered defendants " in *any* action, writ, or special proceeding." The exception immediately following, "except in actions for false arrest," can leave no doubt that the public officers meant to be protected included police officers, marshals, constables, and the like. Any act of a sheriff would, of course, be excluded by reason of the constitutional provision in sec. 4, art. VI.

The question of inconsistency or repugnancy in the allegations of "wilful" and "unlawful" assault "in good faith" is one for the court or jury to determine before the municipality can be held liable.

*By the Court.*—That part of the order sustaining the demurrer of the defendant village of Grantsburg is reversed and cause remanded with directions to proceed in accordance with this opinion.