MATCZAK, Appellant, vs. MATHEWS, Defendant: CITY OF GREEN BAY, Respondent. .

*September 10—October 6, 1953.*

2

·The cause was submitted for the appellant on the brief of *Kehoe & Flatley* of Green Bay, and for the respondent on the brief of *Clarence W. Nier,* city attorney.

CURRIE, J.   The plaintiff contends that he is entitled to maintain his action against the defendant city by reason of the provisions of sec. 270.58, Stats., which provides as follows:

"Where the defendant in any action, writ, or special proceeding, except in actions for false arrest, is a public officer and is proceeded against in his official capacity and the jury

or the court finds that he acted in good faith the judgment as to damages and costs entered against the officer shall be paid by the state or political subdivision of which he is an officer."

Counsel for plaintiff rely strongly upon our decision in *Larson v. Lester* (1951), 259 Wis. 440, 49 N. W. (2d) 414. In that case we held that the defendant village of Grantsburg was properly made a party defendant in an action commenced by the plaintiff against the marshal of the village for damages arising out of injuries sustained by plaintiff as a result of being shot by the defendant marshal. In our opinion in that case this court stated (p. 446):

"It is our opinion that the language of sec. 270.58, Stats., is plain and unambiguous and requires no construction. The legislative history of this enactment discloses that it was the intention of the legislature to make its scope as broad as possible, and it is our opinion that it did so when it covered defendants 'in *any* action, writ, or special proceeding.' The exception immediately following, 'except in actions for false arrest,' can leave no doubt that the public officers meant to be protected *included police officers,* marshals, constables, and the like. Any act of a sheriff would, of course, be excluded by reason of the constitutional provision in sec. 4, art. VI." (Emphasis supplied.)

The statement in the foregoing quotation with respect to the legislative history of the *enactment* of sec. 270.58, Stats., had direct reference to excerpts from the 1943 legislative record printed in respondents' brief in *Larson v. Lester, supra.* Included in such 1943 legislative record was a letter dated June 25, 1943, from C. Stanley Perry, assistant corporation counsel of Milwaukee county, to Frank Graass, executive secretary to Governor Goodland, explaining the origin of the bill being submitted to the governor for his signature enacting sec. 270.58, including a substitute amendment incorporated therein, and the purpose sought to be accomplished

in the original bill and in the substitute amendment. Such letter contained the following statement:

"The bill is really self-explanatory and as you will note, requires that when a defendant in an action, writ, or special proceedings, except in actions of false arrest (*police officers, sheriff, etc.*) who is a public officer and is being proceeded against in his official capacity and the jury or court finds that his act was in good faith, the judgment and costs of the action should be paid by the state or public subdivision of which he is an officer." (Italics supplied.)

The learned trial judge held that the defendant Mathews was not a *"public officer"* within the meaning of sec. 270.58, Stats., but only an employee of the defendant city, and based such decision squarely upon the opinion of this court in *Heffernan v. Janesville* (1946), 248 Wis. 299, 21 N. W. (2d) 651.

In *Heffernan v. Janesville, supra,* the plaintiff was a police patrolman of the defendant city and was suspended for the period of one year. Certiorari proceedings were instituted in which it was determined that such suspension was invalid. Thereafter, plaintiff commenced an action to recover his salary for the one-year suspension period. However, during the year of his suspension plaintiff had actually earned in other employment more than the amount of the one year's salary for which he brought suit. As pointed out in the brief filed in behalf of the defendant city of Janesville, there are many cases which hold that a city officer is entitled to his salary as an incident to his office. On the other hand, a city employee's damages for wrongful suspension or discharge would be the amount of his salary less what he earned elsewhere. This court held that a police patrolman was not a public officer, but only a city employee, and therefore the plaintiff Heffernan could not recover in his action because he sustained no damages, having earned more in the year of his suspension than the amount of his salary.

At first blush there would seem to be a conflict between our holding in *Heffernan v. Janesville, supra,* that a city police patrolman is not a public officer, and the statement quoted earlier in this opinion from our decision in *Larson v. Lester, supra,* that the term *"public officer"* as employed in sec. 270.58, Stats., embraces police officers. The learned trial judge attempted to reconcile the two cases on the ground that the defendant Lester in *Lester v. Larson* was the village marshal and therefore was a public officer within the definition of such as laid down in the *Heffernan Case.* However, as hereinbefore pointed out, the reference we made in our opinion in *Lester v. Larson, supra,* to police officers being included within the words *"public officers"* of sec. 270.58 was not due to inadvertence on our part, but was based upon an express statement to such effect contained in the record of the legislative history relating to the enactment of sec. 270.58.

Some words and phrases are subject to more than one meaning, depending upon the context in which used. The term *"public officer"* falls within this category. A city police patrolman is not a public officer in the sense of having a salary attached to his position which would be due to him if he were wrongfully suspended or ousted from such position irrespective of whether he had sustained any actual damage thereby. On the other hand, a police patrolman is commonly referred to as a police officer and in this sense is a public officer. We are satisfied that it was the intention of the legislature to include police officers within the term *"public officers"* appearing in sec. 270.58, Stats.

If, as applied to police departments of cities like Green Bay, the term *"public officers"* appearing in sec. 270.58, Stats., were restricted to the chief of police (and thus excluded the patrolmen), we would have the absurd result that the chief, whose duties largely confine him to his desk in his office thereby having no occasion to personally make an arrest or to fire a gun in the line of duty, would be afforded the

protection of the statute; while the patrolmen on the beat, who do make arrests and who on occasion do have to resort to use of firearms in performance of their duties, would be denied such protection.

*By the Court.*—Judgment reversed and cause remanded for further proceedings consistent with this opinion.