**William M. MESSIG, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

Civ. A. No. 5005.

United States District Court,
D. Minnesota, Fourth Division.

March 29, 1955.

Clifford Janes, St. Paul, Minn., for defendant Government.

Alan L. Stiegler, Minneapolis, Minn., for plaintiff.

DEVITT, District Judge.

The issue is raised here on the government's motion, under Rule 12, Fed. Rules Civ.Proc. 28 U.S.C., to dismiss plaintiff's complaint under the Federal Tort Claims Act.

Plaintiff seeks to recover damages for personal injuries allegedly incurred by him while assisting in the fighting of a fire at the United States Veterans Administration Facility at Fort Snelling, Minnesota. The complaint alleges that plaintiff, a civilian, was requested to aid two government firemen in putting out a blaze on government property. He responded and in the process of hauling a fire hose up the ladder the ladder broke, the plaintiff fell, and was injured. He brings this action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2671 et seq. alleging negligence on the part of the United States in failing to provide sufficient firemen and safe and suitable equipment for the purpose.

The government moves under Rule 12 of the Rules of Civil Procedure that the complaint be dismissed because the court lacks jurisdiction for the reason that plaintiff was a government employee and hence relegated in his recovery to the exclusive remedy provided by the Federal Employees Compensation Act, 5 U.S.C.A. § 757(b).

It is true that the Federal Employees Compensation Act makes recovery under that Act for injured employees exclusive and in place of any and all legal liability of the United States or its instrumentalities, Underwood v. United States, 10 Cir., 1953, 207 F.2d 862. To the same effect, see Johnson v. United States, 4 Cir., 1950, 186 F.2d 120, 124.

It seems clear, therefore, that if the plaintiff was a government employee at the time of the accident, he is limited in his remedy to the Compensation Act

and may not bring action under the Federal Tort Claims Act. The issue then is—was plaintiff a government employee?

The government claims that he was and in support thereof cites several decisions of state courts holding that bystanders pressed into service to aid in the case of fire and police emergencies have been held to be employees within the meaning of State Workmen's Compensation Acts, and concludes therefrom that, the situation here being similar, the plaintiff should be held to come under the Federal Employees Compensation Act.

The government cites two Wisconsin cases, Vilas County v. Monk, 1930, 200 Wis. 451, 228 N.W. 591 and Shawano County v. Industrial Commission, 1935, 219 Wis. 513, 263 N.W. 590. In the first case, the court held that a private citizen, wounded while assisting in the search for a fugitive, was a County employee for Workmen's Compensation Act purposes; and in the latter case the court held that a patron in a dance hall who responded to a call for assistance from a dance hall inspector, and who was subsequently injured in a fracas, was an employee of the County under the Workmen's Compensation Act, St. § 102.01 et seq. The court took the position in both cases that the emergency justified the on-the-spot employment of these people to aid and that this temporary employment gave them status as employees.

In a Nebraska case, Anderson v. Bituminous Casualty Co., 1952, 155 Neb. 590, 52 N.W.2d 814, a private citizen responded to a sheriff's request for aid in capturing an escaped prisoner and, when injured, was held to be an employee of the County under the rather broad statutory definition of an employee under the Nebraska Compensation Law, R.S. 1943, § 48–115. In that case the Nebraska statute specifically authorized sheriffs and deputies to commission bystanders in case of an emergency.

A similar Michigan holding, Kennelly v. Stearns Salt & Lumber Co., 190 Mich. 628, 157 N.W. 378, was based on a State statute, Pub.Acts 1903, No. 249, § 6, which permitted the commissioning of private citizens by a fire warden. The same principle was true in a South Dakota decision, Gulbrandson v. Town of Midland, 1949, 72 S.D. 461, 36 N.W.2d 655. There a South Dakota sheriff, under statutory authority, requested help from a private citizen in apprehending robbers. The citizen was killed. The court held him entitled to the benefits of the Compensation Act, SDC 64.0101 et seq. See also Tennis v. City of Sturgis, 1953, S.D., 58 N.W.2d 301. The Supreme Court of South Dakota there held that the Workmen's Compensation Act of the State covered the man who died while aiding in putting out a fire. The decision here was also based on a specific statute authorizing public officers to call upon the public for aid.

Two Minnesota cases illustrate the liberal construction of the Minnesota Workmen's Compensation Act, M.S.A. § 176.01 et seq., by our State Supreme Court. The cases are State ex rel. Nienaber v. District Court of Ramsey County, 1917, 138 Minn. 416, 165 N.W. 268, L.R.A.1918F, 200 and Herron v. Coolsaet Bros., 1924, 158 Minn. 522, 198 N.W. 134, 136. These cases did not involve fire or police emergencies, but in both of them the court held the injured parties to be employees under the State Compensation Act although their employment was of a temporary and semiemergency nature. In Herron v. Coolsaet Bros., supra, the court said:

"This court has adopted a liberal construction of the Workmen's Compensation Act, which is remedial in nature, and is inclined to solve doubtful questions in favor of the employee. We think this proper and consistent with the intention of the Legislature in passing this law and having in mind the purpose of the law."

One conclusion is apparent from a study of the above and similar cases. There is a marked inclination on the part of the state courts to construe Work-

men's Compensation Acts very liberally so as to bring persons who perform temporary and emergency service within the benefits of the Act. To deny them such benefits under the Compensation Acts would be to deny them benefits completely since recovery cannot be had against the state or its municipal subdivisions by legal action in the courts. The same reason justifying liberal construction is not present here since one not found to be an employee may seek his recovery under the Federal Tort Claims Act.

An examination of the Federal Employees Compensation Act makes it clear that the compensation benefits therein provided are available only to employees of the Federal Government, and the term "employee" is specifically defined in Sec. 790 of the Law. Subsection (b) (4), the only one pertinent here, provides that the term "employee" includes

> "persons rendering personal services of a kind similar to those of civilian officers or employees of the United States to any department, independent establishment, or agency thereof (including instrumentalities of the United States wholly owned by it), without compensation or for nominal compensation, in any case in which acceptance or use of such services is authorized by an Act of Congress or in which provision is made by law for payment of the travel or other expenses of such person".

The Congress has thus assigned a clear and definite meaning to the term "employee" by limiting it to those employments (1) authorized by Congress or (2) for which travel or other expenses may be legally paid.

This view of the limited meaning of the term is further substantiated by reference to the Report of the Senate and House Committees which accompanied the Bill. U.S.Code Congressional Service, 81st Congress, 1st Session, 1949, p. 2133.

No statutory authority is cited which would permit a government fireman on Veterans Administration property to recruit bystanders for emergency service. There is a statute which authorizes the Department of Agriculture to employ persons for emergency fire fighting and pest control, 5 U.S.C.A. § 574a, and 42 U.S.C.A. § 1855 authorizes the employment of temporary personnel in situations involving major disasters, but there is no similar law permitting emergency employment or authorizing pay or expenses for fire fighting by the Veterans Administration.

It thus appears that plaintiff was not a government employee and not, therefore, entitled to the benefits of the Federal Employees Compensation Act, and hence not excluded by that Act from asserting his rights under the Federal Tort Claims Act.

For the Court to grant the government's motion to dismiss would, in effect, be to "impress" this plaintiff into the government service with the effect of depriving him of the opportunity to assert his claim under the Federal Tort Claims Act.

The motion to dismiss is denied.