KAGEL, by Guardian *ad litem,* Plaintiff and Respondent, v. BRUGGER and others, Defendants: NEAD, Defendant and Appellant.

*January 8—February 5, 1963.*

For the appellant there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

For the respondent there was a brief by *Nathaniel D. Rothstein* and *Jack E. Keyes,* and oral argument by *David I. Rothstein,* all of Milwaukee.

HALLOWS, J. This is a case of first impression and presents the novel question whether a private citizen whose vehicle has been commandeered by a police officer and who

has been directed to park his vehicle across a public highway can be held negligent in creating a roadblock or in failing to have his vehicle adequately lighted for such use. The trial court held and the plaintiff contends the complaint alleges ultimate facts sufficient to fairly inform the defendant of what he is called upon to meet. *Colton v. Foulkes* (1951), 259 Wis. 142, 47 N. W. (2d) 901; *Weber v. Naas* (1933), 212 Wis. 537, 250 N. W. 436; *Bembinster v. Aero Auto Parts* (1959), 7 Wis. (2d) 54, 95 N. W. (2d) 778. But the question on this demurrer is whether the complaint which fairly informs the defendant of what he is charged states facts which give rise to a duty of the defendant owing to the plaintiff as a matter of law.

Sheriffs and other law-enforcement officers possess authority to set up roadblocks in a reasonable manner for the apprehension of fleeing violators. Such authority is inherent in the power and the duties of law-enforcement officers if those duties are to be effectively discharged. The right to set up roadblocks to apprehend violators has been tacitly acknowledged in *Freedman v. State* (1950), 195 Md. 275, 73 Atl. (2d) 476; *Anderson v. Nincehelser* (1950), 152 Neb. 857, 43 N. W. (2d) 182; *Anderson v. Bituminous Casualty Co.* (1952), 155 Neb. 590, 52 N. W. (2d) 814; *Gulbrandson v. Midland* (1949), 72 S. D. 461, 36 N. W. (2d) 655; *Love v. Bass* (1922), 145 Tenn. 522, 238 S. W. 94. The use of the roadblock device is recognized as a specialized technique in the apprehension of violators by law-enforcement officers. See FBI Law Enforcement Bulletins, June, 1952, Vol. 21, No. 6, p. 2; October, 1955, Vol. 24, No. 10, p. 18; May, 1956, Vol. 25, No. 5, p. 5. The responsibility for the use of the roadblock and for the type used, whether blocking the entire highway or only one lane of traffic or of using lights and signs or a squad car at the side of the highway leaving all lanes open or any other device for stopping traffic upon

the highway, is upon the law-enforcement officer or agency establishing the roadblock.

In using the roadblock for the apprehension of law violators, a peace officer has the power to commandeer a motor vehicle. Its use is the modern outgrowth of the ancient hue and cry and of the power to call up a *posse comitatus.* [1] We have said there is a duty resting on all citizens who know of the call to go to the relief of an officer even though the failure to perform such duty does not constitute an offense. It is a moral duty incident to citizenship. *Krueger v. State* (1920), 171 Wis. 566, 177 N. W. 917. The duty of a citizen to respond to a request or direction is even greater than to a call for assistance, which frequently was not addressed to specific individuals but a general call for help to those who may hear or learn of it. Can the duty of citizenship be any less upon a citizen who has specifically been commanded by an officer to furnish help, not only of himself, but of his vehicle and directed to use his vehicle in a particular way? It is true, in *Randles v. Waukesha County* (1897), 96 Wis. 629, 71 N. W. 1034, we held although the sheriff had the power to call up a posse, he did not have the power to call up for his use a horse belonging to a private citizen because in those days the sheriff was required to perform his duties by furnishing his own horse. The principle is not applicable to modern times when counties furnish police cars to sheriffs to perform their duties. The right to commandeer an automobile by a police officer to be used in hot pursuit of a law violator was recognized in *Babington v. Yellow Taxi Corp.* (1928), 250 N. Y. 14, 164 N. E. 726, and *Berger v. New York* (1940), 260 App. Div. 402, affirmed (1941), 285 N. Y. 723, 34 N. E. (2d) 894. Public policy has recognized the duty of a citizen to aid the law-enforcement officer in

---

[1] This view is advanced in 45 Op. Atty. Gen. (1956), 152. See also Dahl and Boyle, Arrest, Search and Seizure, ch. 8, p. 85.

arresting a fugitive or suppressing a disturbance of the peace, clothing him with the immunities and rights of a deputy. If injured in performing such duty and obeying the call or command of the police officer, the citizen is entitled to workmen's compensation as a deputy. *West Salem v. Industrial Comm.* (1916), 162 Wis. 57, 155 N. W. 929; *Vilas County v. Industrial Comm.* (1930), 200 Wis. 451, 228 N. W. 591; and *Shawano County v. Industrial Comm.* (1935), 219 Wis. 513, 263 N. W. 590; same case (1939), 230 Wis. 165, 283 N. W. 304.

There is statutory authority for the power of the sheriff to call to his aid such persons as he deems necessary for prescribed purposes. Sec. 59.24, Stats. The duty of a citizen to obey the lawful orders of the traffic police is found in sec. 85.12 (2), Stats. 1955 (now sec. 346.04). While this section is probably intended only to apply to the direction of traffic by police officers, it is a recognition of the duty of the citizen under those circumstances. Likewise, sec. 946.40 makes it a crime for one without reasonable excuse to refuse or fail upon command to aid a police officer if he is authorized under the circumstances to command such assistance.

When a police officer commandeers a motor vehicle of a private citizen and directs the driver in the particular use of the vehicle to aid him in creating a roadblock, the citizen has no duty to argue about the officer's right, the need for the roadblock, or the details of creating it. When performing his duties as a citizen in acting under the direction of the law-enforcement officer, the private citizen is not a volunteer acting on his own initiative and such duty as he has not to block or park on a public highway is suspended under such circumstances. Whether the roadblock was adequate or inadequate, or whether it was negligently established and maintained, is not the concern or the responsibility of the private citizen. This is not to say if a sheriff should commandeer a private vehicle in the hot pursuit of a criminal that the private

citizen using his own judgment in the management and speed of his car could not be negligent. However, when a law-enforcement officer commands the private citizen to do what would otherwise be a negligent act, the private citizen ought not be held to be negligent. The claimed illegality and negligence in establishing and maintaining the roadblock is an issue between the plaintiff and the defendant sheriffs but is not pertinent to the question of the defendant Nead's duty or liability.

It is contended even though the defendant might not be negligent in parking his semitrailer across the highway to form the roadblock as directed by the deputy sheriff, Nead was negligent in not having his semitrailer adequately lighted under the circumstances. The argument assumes an absolute duty on the defendant Nead to set out flares or other warning devices or have his semitrailer equipped as an emergency vehicle. Secs. 85.06 (18) and 85.12 (5), Stats. 1955. It is not to be expected or required that the private citizen whose vehicle is commandeered to establish a roadblock must use his individual judgment and initiative as to the adequacy of the lighting of his vehicle. The defendant's duty in regard to lights on his semitrailer must be considered from the viewpoint that the semitrailer was part and parcel of the roadblock established under direction of a law-enforcement officer and not from the viewpoint of a truck which was placed in that position by choice or negligence of its driver. Since the responsibility for the truck's being across the highway was that of the law-enforcement agency, it was its duty to adequately light the truck and roadblock or to warn the traveling public of the danger. Nead had no such duty unless he had been directed by the police officer in charge and failed to carry out such direction. No such allegation is made in the complaint.

We cannot reach the opposite conclusion on the theory the private citizen while in the course of assisting a police

officer is considered deputized for the purpose of workmen's compensation. See Anno. Workmen's Compensation—Public Emergency, 142 A. L. R. *657*; *Anderson v. Bituminous Casualty Co., supra,* and cases therein cited. It is true, a police officer may be held liable for his negligent acts. 43 Am. Jur., Public Officers, p. 92, sec. *279*; 47 Am. Jur., Sheriffs, Police, and Constables, p. 851, sec. 42; 60 A. L. R. (2d) 875, Anno. Police—Liability for Injuries; *Matczak v. Mathews* (1953), 265 Wis. 1, 60 N. W. (2d) 352; and *Larson v. Lester* (1951), 259 Wis. 440, 49 N. W. (2d) 414. Apart from any privilege or immunity, failure to properly light a roadblock may constitute negligence on the part of a police officer. See *Byers v. United States* (D. C. N. M. 1954), 122 Fed. Supp. 713, reversed on other grounds (10th Cir. 1955), 225 Fed. (2d) *774*; sec. 85.06 (18), Stats. 1955. However, not every police officer aiding in the establishment of a roadblock could be charged with negligence but only those who have the responsibility for the establishment and the manner in which it is established. Such duty in this case did not rest upon the defendant Nead while aiding the deputy sheriff under his direction. Private citizens are not to interfere with police methods of apprehending law violators. The law holds police officers accountable for the reasonableness and the validity of their methods. A citizen answering the cry of help or despair of a police officer or his commands should be given reasonable protection in furnishing assistance if we expect citizens to fulfil their duties of citizenship. If the citizen refuses the command of the officer, he runs the risk of the criminal sanction of sec. 946.40, Stats. Must a citizen choose between the risk of Scylla and the risk of Charybdis at his peril? The complaint states no cause of action against the defendant Nead.

*By the Court.*—The order overruling the demurrer is reversed.

CURRIE, J. (*concurring*). Paragraph 10 of the complaint alleges in part:

". . . that the defendant, Allen Becker, thereupon halted and commandeered the semitractor and trailer owned and operated by the said defendant, Herbert E. Nead, and directed the same to be placed horizontally across Highway 41 obstructing said highway; that the defendant, Allen Becker, on information and belief, further caused said highway to be obstructed by placing his squad car in such a position as to block the shoulder of said highway, and further caused said highway to be obstructed by placing another semitrailer owned by defendant, Herbert E. Nead, on the shoulder of the highway."

It is implicit in the above-quoted allegations that the control of Nead's two vehicles, while constituting part of the roadblock, was in Officer Becker. Whether or not there should have been any lights on them would depend on the nature of the roadblock Becker desired to establish. Therefore, while the two vehicles constituted part of this roadblock, Nead was under no duty to turn on lights or put out flares unless commanded by Becker to do so.

I quite agree with the dissenting opinion that upon demurrer we cannot look beyond the complaint for our facts. The majority opinion does not do so and I fully concur therein.

FAIRCHILD and GORDON, JJ. (*dissenting*). We must respectfully dissent from the conclusion that the complaint states no cause of action for negligence with respect to lighting. The commandeering of the Nead vehicle did not relieve Nead from the duty of using due care in the operation of his vehicle, except insofar as the officer may specifically have ordered a particular course of conduct. For example, if the officer ordered Nead to speed, Nead would not be subject

to liability for complying. So too, if the officer ordered Nead to park his tractor-trailer without lights, Nead would be free of negligence in obeying this order.

There must be some limitation on the scope of the exemption from ordinary rules when one acts at the request of an officer. One who operates a vehicle in an emergency in the necessary performance of public duties is exempted from certain rules, but the exemption shall not protect the operator from the consequence of a reckless disregard for the safety of others. [1]

". . . whoever, in good faith, renders assistance and *obeys the orders and directions* of a known public officer in response to a call for assistance is protected in making an arrest, although the officer may be acting wrongfully and may be personally liable for a false arrest." (Emphasis supplied.) [2]

Upon demurrer we cannot look beyond the complaint for our facts. This complaint is wholly devoid of allegations which would show that the officer had directed that the lighting provisions of sec. 85.06 (18), Stats. 1955, be ignored. Upon the face of the complaint, one cannot determine that the alleged negligence on the part of Nead with respect to inadequate lighting was committed in compliance with the commandeering officer's mandate. Nor does the complaint reasonably suggest that by complying with sec. 85.06 (18) Nead would have thereby contradicted any express or implied direction of the officers. The failure to comply with the statute may have been the result of Nead's own negligence, and he should then be liable therefor. Accordingly, we would affirm the trial court's order which overruled the demurrer.

There is some question whether any liability of the officers and assisting citizens under these circumstances would be

[1] Sec. 85.12 (5), Stats. 1955.
[2] 4 Am. Jur., Arrest, p. 80, sec. 129.

governed by the law of intentional torts (including the scope of privilege) or by the law of negligence.[3]

We have made our comments in terms of negligence because the complaint and the opinion of the majority speak in those terms. Our view would be similar, however, in terms of the extent of the privilege intentionally to obstruct the highway.

[3] See *Schulze v. Kleeber* (1960), 10 Wis. (2d) 540, 545, 103 N. W. (2d) 560.