COUNTY OF CLARK, APPELLANT, v. EDGAR LYLE CHRISTENSEN, RESPONDENT.

No. 6086

July 15, 1970                    472 P.2d 365

*George E. Franklin, Jr.,* District Attorney, and *Raymond B. Little,* Deputy District Attorney, Clark County, for Appellant.

*Edwin J. Dotson,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This appeal is from a judgment against Clark County awarding Christensen damages for the loss of his airplane. Christensen operated a crop dusting, seeding and spraying business. At the request of the Clark County Sheriff's Office, he piloted his plane over Pahrump Valley in search for a person who was absent without leave and wanted by the United States Coast Guard. The aircraft crashed and was totally destroyed. His complaint for damages was based upon NRS 199.420 which declares a male person over 18 years of age to be guilty of a misdemeanor if he refuses to join a posse comitatus when lawfully requested to do so.[1] The district court

---

[1]NRS 199.420: "Every male person, above 18 years of age, who shall neglect or refuse to join the posse comitatus, or power of the county, by neglecting or refusing to aid and assist in taking or arresting any person or persons against whom there may be issued any process, or by neglecting to aid and assist in retaking any person or persons who, after being arrested or confined, may have escaped from such arrest or imprisonment, or by neglecting or refusing to aid and assist in preventing any breach of the peace, or the commission of any criminal offense, being thereto lawfully required by any sheriff, deputy sheriff, coroner, constable, judge, or justice of the peace, or other officer concerned in the administration of justice, shall be guilty of a misdemeanor."

found the facts as just related and, in addition, found that the defendant county was negligent. This latter finding was clearly erroneous since the record is silent as to the proximate cause of the crash. Christensen sustained a skull fracture which caused a memory loss for events leading up to the accident. Consequently, he was unable to explain the occurrence, nor was the county in a position to do so. Notwithstanding the absence of negligence in the county, we may sustain the judgment if NRS 199.420 may properly be construed to impose civil liability upon the county in these limited circumstances. Cf. Spray-Bilt, Inc. v. Ingersoll-Rand World Trade, Limited, 350 F.2d 99, 103 (C.A. 5, 1965). We so construe the statute, and affirm.

The statute does not expressly give the citizen a cause of action [cf. Riker v. City of New York, 126 N.Y.S.2d 229 (1953)], nor did such a cause of action exist at common law. However, public policy would seem to demand relief, and it is sometimes proper for a court to so declare. Shoshone Coca-Cola v. Dolinski, 82 Nev. 439, 442, 420 P.2d 855 (1966). Christensen's aircraft was being used in the performance of a public service when destroyed by a cause unknown. He is presumed to have acted with ordinary care. NRS 52.070(4). Had he refused assistance, he would have run the risk of criminal sanction. By responding to the sheriff's cry for help he incurred the risk incident to that undertaking. The alternatives were not attractive, and the choice between them should not be required without reasonable protection being offered in return. In a different context, Wisconsin ruled that a private citizen, whose vehicle was commandeered by a police officer and was directed to park it across a public highway to form a road block, was not liable to third persons injured thereby. Kagel v. Brugger, 119 N.W.2d 394 (Wis. 1963). The court clothed the citizen with that protection for policy reasons. The Wisconsin statute did not immunize the citizen. Those policy considerations apply with equal force to the circumstances of this case, and we so rule.

Affirmed.

COLLINS, C. J., ZENOFF, BATJER, and MOWBRAY, JJ., concur.