NORMAN M. CLAPP, Secretary, Department of Transportation
You request my opinion on five questions which relate to the status of a state traffic patrol officer who is impressed for duty as part of a posse comitatus by a sheriff under the provisions of sec. 59.24 (1), Stats.
At length discussion of posse comitatus status as it relates to state traffic patrol officers appears in 45 OAG 152 (1956), 47 OAG 209 (1958), 56 OAG 96 (1967), 60 OAG 320 (1971), and opinion to the district attorney for Outagamie County dated February 22, 1972.
When a state traffic officer "assists" local enforcement officers pursuant to sec. 110.07 (2), Stats., he acts in cooperation with and not subservient to local officers. His orders, if any be needed, should *Page 39 
come from his superior state authority. When his assistance is required by the sheriff or constable under proper call for proper purpose pursuant to sec. 59.24 (1), Stats., he must respond, not because he is a state traffic officer, but as a citizen and is subject to the reasonable orders of the officer summoning his aid. 47 OAG 209, 212-214, 56 OAG 96, 99.
An individual impressed for service under sec. 59.24 (1), Stats., is performing a duty required of a citizen. Section946.40, Stats., provides a criminal penalty for whoever without reasonable excuse refuses or fails upon command to aid a peace officer. He is for such purposes clothed with the immunities and rights of a deputy. If injured in performing such duty, the citizen is entitled to workmen's compensation from the county or municipality on whose behalf he was called. Kagel v. Brugger
(1963), 19 Wis.2d 1, 6, 119 N.W.2d 394.
I am not aware of any case which holds that such citizen would be entitled to any compensation for such services. Article VI, sec. 4, Wis. Const., provides that a county shall never be made responsible for the acts of the sheriff. In 45 OAG 152, 157 (1956), it was stated that a county could not be liable for damage to a vehicle of a citizen commandeered by a sheriff or deputy sheriff.
For the purposes of this opinion it is assumed that theindividual has been duly impressed, by the sheriff of the county in which the individual officer is at that time located, forproper purposes other than those he is required to perform by reason of secs. 22.165, and 110.07, Stats. See 56 OAG 96, 102 (1967).
"1. Is the traffic officer to be considered on duty as an employe of the Wisconsin State Traffic Patrol during the time that he is impressed?"
I am of the opinion that the individual may not be considered to be on duty as an employe of the state traffic patrol.
"2. If question 1 or any portion thereof is answered in the affirmative, is the trooper entitled to receive his usual pay from the State of Wisconsin for duty performed while he acted in an impressed status?" *Page 40 
A state employe would not be entitled to his usual pay as a state trooper during the period of impressed service. A citizen duly impressed must usually lay aside his other work and serve and has no right to look to his regular employer for compensation for periods he serves when impressed by a sheriff. Resort toposse comitatus should be made only in cases of great emergency. Citizens should not be requested to serve for more than extremely short periods of time. There is a question whether on-duty peace officers should be requested to lay aside their official duties except in the most urgent situations. McFarland v. Village ofCarlton (Minn. 1932), 245 N.W. 631. The legislature has provided in secs. 66.305, 66.315, Stats., for mutual aid among law enforcement agencies and has provided for responsibilities of pay in such cases. State traffic patrol personnel are not covered by these sections.
In 47 OAG 209, 213 (1958), it is stated:
"In the latter two cases the persons summoned had no authority to act as peace officers by virtue of their original status. They were clothed with the authority accorded a peace officer by the law only because they were summoned by an officer. Thus, here, in the case assumed, a state traffic patrol officer has no authority to act by virtue of his original status, but acquires authority pursuant to the summons for assistance by a peace officer. He therefore acts for the municipality employing the officer who summoned him and is its employe. Hence he does not retain his original status as a state traffic patrol officer under sec.110.07 (2). Note that sec. 66.315 (1) and (2), which specifically provides for compensation, wage and other benefits for peace officers of towns, cities, villages and counties when commandeered for service outside their municipality, does notinclude the state traffic patrol." (Emphasis added)
While it can be argued that sec. 66.305 (1), Stats., in referring to "any law enforcement agency" would include the state traffic patrol, the legislative history of the bill creating sec. 66.305 (1), Stats., does not show a legislative intent to include such agency. Such inclusion would also be contrary to the long standing legislative intent of limiting the jurisdiction of state traffic patrol officers to activities on or near the highways. If included in sec. 66.305 (1), Stats., a local agency could, with acquiescence of state traffic patrol supervisors, and without resort to posse comitatus, *Page 41 
clothe such state traffic officers with powers in the suppression and control of general crime to the extent of the subject matter and geographical jurisdictional limits of the requesting agency. I do not believe that the legislature so intended.
Chapter 105, Laws of 1967, which created sec. 66.305, Stats., also created sec. 59.24 (2) to provide:
"County law enforcement agencies may request the assistance of law enforcement personnel or assist other law enforcement agencies as provided in ss. 66.305 and 66.315."
Section 66.305 (1), Stats., expressly refers to county law enforcement agencies as provided in sec. 59.24 (2).
No reference is made to state traffic patrol officers. Statutes of general application do not apply to the state unless the state or its agencies are specifically mentioned or inclusion is necessarily implied.
Chapter 105, Laws of 1967, also amended sec. 66.315, Stats., to add "sheriff, deputy sheriff" or other peace officer of the "county" to the list of peace officers and governmental units to which the statute applied.
The legislature is presumed to have been aware of the opinion in 47 OAG 209, 213, which stated that sec. 66.315 (1) and (2) did not include the state traffic patrol. It is noteworthy that the legislature did not include state traffic patrol officers or the state specifically when adding peace officers and governmental units to which sec. 66.315 (1) and (2) were to apply.
It would be proper for you to advise sheriffs, chiefs of police and other peace officers that requests for emergency aid should be made to appropriate local officials under secs. 66.305 and 66.315, Stats., and, if you desire, that it is the policy of the state traffic patrol that state traffic officers be not called upon to serve under sec. 59.24 (1), Stats., except for short periods in extremely urgent cases. In any case where a state traffic patrol officer is impressed, he should, at the earliest possible time, contact his supervisors so that arrangements can be made for his return to assigned duties. *Page 42 
"3. Should he be paid by the State of Wisconsin for duty performed while in an impressed status where the particular county involved has compensated the state traffic officer for his services?"
The answer to this question is "no." See discussion above.
"4. Is the state traffic officer covered by the provisions of the Wisconsin Workmen's Compensation Act should he be injured during the performance of duties while in an impressed status?"
Such individual would be entitled to workmen's compensation from the county or municipality on whose behalf he was called.Kagel v. Brugger, supra, p. 6. He might also in special circumstances be entitled to workmen's compensation benefits from the state if it was determined that he was performing a service growing out of and incidental to his employment by the state.Butler v. Industrial Commission (1953), 265 Wis. 380,61 N.W.2d 490.
"5. Is the state traffic officer so impressed eligible for hazardous duty benefits under the provisions of Sec. 16.31, Wis. Stats., in any of the above situations?"
The answer to your question is "probably not." Section 16.31, Stats., as amended by ch. 270, Laws of 1971, provides for continuation of pay without deduction for sick leave or vacation leave credits where certain state employes, including state traffic patrol officers, are injured "while in the performance of his duties," and other special circumstances exist. See sec. 16.31 (3)(b). Stats. It is doubtful whether a state traffic officer so impressed would be considered to be in the performance of his duties as required by statute.
RWW:RJV