Gerald A. **EHRENREICH** et al., Plaintiffs,

v.

Robert C. **LONDERHOLM** et al., Defendants.

No. T–4122.

United States District Court
D. Kansas.

Sept. 11, 1967.

Lee H. Woodard and Waldo Wetmore, Wichita, Kan., Wayne T. Stratton, Topeka, Kan., and Irving Achtenberg, Kansas City, Mo., for plaintiffs.

Robert C. Londerholm, Atty. Gen. of Kansas, and Richard H. Seaton, Asst. Atty. Gen. of Kansas, Topeka, Kan., for defendants.

Before DELMAS C. HILL, Circuit Judge, and ARTHUR J. STANLEY, Jr. and WESLEY E. BROWN, District Judges.

## OPINION

ARTHUR J. STANLEY, Jr., District Judge.

In this action the plaintiffs seek declaratory and injunctive relief, contending that Kansas statutes requiring execution of a "test oath" by state employees (K.S.A. 21–305 and K.S.A. 21–308) are unconstitutional. The statutes attacked are alleged to be violative of:

"The rights of freedom of speech, freedom of belief and conscience, and freedom of association of the First Amendment, as those rights are protected from invasion by the State by the Due Process Clause of the Fourteenth Amendment.

"The guarantee of the Due Process Clause of the Fourteenth Amendment against enforcement of unconstitutionally vague State statutes and against the denial of procedural due process.

"The protection of Article I, Section 10, Clause 1, against the passage by any State of Bills of Attainder and *ex post facto* laws."

The facts as stipulated (Appendix) are adopted as the findings of the court. At the time of argument it was further stipulated that the form of oath identified as Exhibit D is utilized by various departments of the State of Kansas pursuant to K.S.A. 21–305, but not by the Board of Regents of the State of Kansas.

Jurisdiction of this court is invoked under 42 U.S.C.A. §§ 1983 and 1984; 28 U.S.C.A. §§ 1331 and 1343; 28 U.S.C.A. §§ 2281 and 2284; and 28 U.S.C.A. §§ 2201 and 2202.

Defendants suggest that the court should not grant relief until the questioned statutes have been construed by the courts of the state. They contend that such construction could very well eliminate federal constitutional questions, arguing that the Kansas Declaratory Judgment Act (K.S.A. 60–1701 to 60–1703) provides an adequate and effective means of securing resolution by the Kansas courts of the questions here presented. The abstention doctrine involves discretionary exercise of a court's equity powers. By its use a court merely declines to decide state law questions and denies immediate relief. It does not dismiss the complaint, but retains jurisdiction pending a decision by the state courts on state law issues. Relitigation of federal issues is not barred even if the state courts have decided them. England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964). Abstention here very likely would be followed by further proceedings in this court after completion of state court action and would result in undue delay in the ultimate adjudication of the case on its merits. See Baggett v. Bullitt, 377 U.S. 360, 375, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964). We decline the invitation to abstain.

No purpose would be served by a recitation here of the long line of decisions of

the United States Supreme Court approving efforts by the states and their political subdivisions to exercise what Mr. Justice Minton described as "the right and duty to screen the officials, teachers, and employees at to their fitness to maintain the integrity of the schools as a part of ordered society," (Adler v. Board of Education, 342 U.S. 485, 493, 72 S.Ct. 380, 385, 96 L.Ed. 517), a right and duty the court then (1952) said could not be doubted. Those interested in what now is only history are referred to the dissenting opinion of Mr. Justice Clark, with whom Justices Harlan, Stewart and White joined, in Keyishian v. Board of Regents, 385 U.S. 589, 620, 87 S.Ct. 675, 17 L.Ed.2d 629 (1967). Until the announcement of the *Keyishian* decision (January 23, 1967), it is likely that we would have held that plaintiffs' constitutional rights are not violated by the requirement that they subscribe to the Kansas test oath. See Adler v. Board of Education, supra; and Garner v. Board of Public Works of City of Los Angeles, 341 U.S. 716, 71 S.Ct. 909, 95 L.Ed. 1317 (1951). While *Adler* has not specifically been overruled, the Supreme Court, speaking through Mr. Justice Brennan, has rejected its major premise. That premise, no longer viable, was " * * * that public employment, including academic employment, may be conditioned upon the surrender of constitutional rights which could not be abridged by direct government action." 385 U.S. at 605, 87 S.Ct. at 685. The "constitutional doctrine which has emerged" since the *Adler* decision is that "legislation which sanctions membership unaccompanied by specific intent to further the unlawful goals of the organization or which is not active membership violates constitutional limitations." 385 U.S. at 608, 87 S.Ct. at 686. Measured by this yardstick, K.S.A. 21–305 falls short.

■ It is our duty to follow the decisions of the Supreme Court and, to the extent that the *Keyishian* decision is not in harmony with the decision in Garner v. Board of Public Works of City of

Los Angeles, supra, still to follow it as the latest pronouncement of the higher court. 21 C.J.S. Courts § 192; R. J. Reynolds Tobacco Co. v. Robertson, 80 F.2d 966 (4th Cir. 1936). We conclude that K.S.A. 21–305, to the extent that it proscribes mere membership in an organization advocating the overthrow by violence of the government of the United States or of the state, without any showing of specific intent to further the aims of such organization, suffers from the "overbreadth" denounced in *Keyishian,* and is therefore unconstitutional.

■ K.S.A. 21–308 prescribes the penalty for violation, not only of K.S.A. 21–305, but also that for violation of K.S.A. 21–306 and 21–307. To strike it down, as plaintiffs pray, would emasculate 21–306 and 21–307, not here challenged.

A decree will be entered in accordance with this opinion.

### APPENDIX

#### "Stipulation of Facts

"The parties above named by their respective attorneys do, for purposes of the trial of this action, stipulate and agree that the following facts are true and correct and that no further evidence need be offered or introduced in support of said facts:

"1. Plaintiff, Gerald A. Ehrenreich is a citizen of the State of Kansas and of the United States and has been accepted as a clinical associate professor of psychiatry in the Department of Psychiatry at the University of Kansas Medical Center, Kansas City, Kansas. That the University of Kansas Medical Center is a school of the University of Kansas, a state institution, and the position for which the plaintiff, Gerald A. Ehrenreich, has been accepted is that of a public employee of the State of Kansas requiring payment of his salary from funds of the State of Kansas.

"2. As a condition precedent to plaintiff Ehrenreich's being placed on the payroll of the University of Kansas Medical Center, plaintiff Ehrenreich is required to sign the oath of public offi-

cers and employees hereinafter set forth and as contained in Exhibit 'A' hereto attached. On or about October 23, 1965, plaintiff Ehrenreich received an oath form, identical to Exhibit 'A,' from the head of the Department of Psychiatry at the University of Kansas Medical Center, with instructions that he sign and return it. Plaintiff Ehrenreich has refused and continues to refuse to sign the oath form. Because of plaintiff Ehrenreich's refusal to sign the oath form the defendants have refused to place plaintiff Ehrenreich's name on the payroll of the University of Kansas Medical Center in the capacity above set forth.

"3. Each of the other plaintiffs is employed by the State Board of Regents of the State of Kansas in the colleges and the universities which comprise such system, namely, the plaintiffs David H. Jones, Howard Kahane, Norman R. Yetman are employed by the University of Kansas; the plaintiffs G. Y. Kenyon, James Erickson, James C. Bohan, Jr., Louis Goldman and Lyle C. Lehman are employed by Wichita State University; and the plaintiffs Cecil H. Miller, James C. Carey, William Walter Boyer, Jr., and Alfred F. Borg, are employed by Kansas State University. As a condition of their employment and to avoid threat of discharge or loss of employment each of the plaintiffs has been required to sign the aforementioned oath.

"4. Each of the aforementioned plaintiffs brings this action on their own behalf and as a representative of a class of teachers, instructors, professors, employees and prospective employees of the State of Kansas similarly situated, who are required under the color of the statutes of the State of Kansas, to sign the oath heretofore referred to, and who are so numerous as to make it impractical to bring them all before the Court.

"5. That Robert C. Londerholm is the Attorney General of the State of Kansas and is charged with the responsibility of enforcing the laws of the State of Kansas.

"6. That defendants Dwight D. Klinger, Chairman, Henry Bubb, A. H. Cromb, C. N. Cushing, John F. Eberhardt, Ray Evans, Clement Hall, L. D. Morgan, and Eldon Sloan, are the duly designated and qualified members of the Board of Regents of the State of Kansas who are empowered as agents and administrative officers of the State of Kansas with the management and government of schools of higher learning of the State of Kansas, the election and appointment of professors therein, and the enforcement of the statutes of the State of Kansas relating to such schools.

"7. Defendant W. Clarke Wescoe is the duly appointed and qualified Chancellor of the University of Kansas. The defendant James McCain is the duly appointed and qualified President of Kansas State University, and the defendant Emory H. Lindquist, is the duly appointed and qualified President of Wichita State University; that said defendants are administrative officers of the State of Kansas and are empowered with the enforcement of the statutes and regulations of the State of Kansas relating to said universities.

"8. K.S.A. 21-305 to 308 were duly enacted by the 1949 Legislature of the State of Kansas as Laws 1949, Chap. 246, Sections 1-4, and are now and were at all times herein mentioned in full force and effect. Said statutes provide as follows:

'21-305. *Oaths of public officers and employees; dismissal for failure to sign.* Every officer and employee of the state, county, city or other municipality of the state, including members of the legislature, private and public school teachers and university and college professors and instructors shall be required to sign the following oath:

"I, ———— swear (or affirm) that I do not advocate, nor am I a member of any political party or organization that advocates the overthrow of the government of the United States or of the state by force or violence; and that during such time as I am an officer or employee of the ————, I will not advocate nor become a member of

any political party or organization that advocates the overthrow of the government of the United States or of this state by force or violence."

Any officer, member of the legislature, employee, teacher or instructor who shall refuse to sign the oath required by this section shall, in addition to any other penalties prescribed in this act, be subject to immediate dismissal from office. (L.1949, ch. 246, § 1; June 30.)'

'21–306. *Unlawful acts against government; definition.* (a) It shall be unlawful for any person: (1) To knowingly or willfully advocate, abet, advise, or teach the duty, necessity, desirability, or propriety of overthrowing or destroying any government in the United States by force or violence, or by the assassination of any officer of any such government; (2) with the intent to cause the overthrow or destruction of any government in the United States, to print, publish, edit, issue, circulate, sell, distribute, or publicly display any written or printed matter advocating, advising, or teaching the duty, necessity, desirability, or propriety of overthrowing or destroying any government in the United States by force or violence; (3) to organize or help to organize any society, group, or assembly of persons who teach, advocate, or encourage the overthrow or destruction of any government in the United States by force or violence; or to be or become a member of, or affiliate with, any such society, group, or assembly of persons, knowing the purposes thereof. (b) For the purposes of this section, the term "government in the United States" means the government of the United States, or the government of this state. (L.1949, ch. 246, § 2; June 30.)'

'21–307. *Attempting or conspiring to commit acts prohibited under 21–305 to 21–308.* It shall be unlawful for any person to attempt to commit, or to conspire to commit, any of the acts prohibited by the provisions of this act. L.1949, ch. 246, § 3; June 30).'

'21–308. *Penalty for violating 21–305 to 21–308.* Any person who violates any of the provisions of this act shall be deemed guilty of a felony and, upon conviction thereof, be fined not more than ten thousand dollars or imprisoned for not more than ten years, or both such fine and imprisonment. (L.1949, ch. 246, § 4; June 30.)'

"9. K.S.A. 54–105 provides:

'54–105. *Falsifying oaths or affirmations.* All oaths and affirmations alike subject the party who shall falsify them to the pains and penalties of perjury. (G.S.1868, ch. 72, § 5; Oct. 31; R.S. 1923, 54–105.)'

"10. The statutes and regulations of the State of Kansas, its schools and public agencies do not specifically provide, nor specifically prohibit, any procedure for a hearing or a judicial or administrative determination, upon:

1. The reasons for the employees' or prospective employees' refusal to execute the oath.
2. The nature of the employees' or prospective employees' membership in an unlawful political party or organization.
3. The purpose of the employees' or prospective employees' membership or his intention in joining or belonging to the organization.
4. Any type of employment of the employee or prospective employee without requiring execution of the oath.
5. The extent of the employees' and prospective employees' knowledge of the unlawful purpose of the political party or organization to which he may belong.

On March 1, 1966, a letter was sent by Dr. Ehrenreich to Dr. C. Arden Miller, M. D., Provost, University of Kansas Medical Center. On March 16, 1966, Dr. Miller replied to Dr. Ehrenreich's letter. Copies of the letters are attached hereto and numbered Exhibits 'B' and 'C.' Other than the matters contained in this correspondence, the parties to this stipulation have no knowledge of any hearing or determination ever being held by the

State of Kansas, or requested by any employee or prospective employee.

"11. The plaintiffs have exhausted all available administrative remedies. The defendant Attorney General has rendered his opinions, dated March 3, 1966, and June 22, 1966, to the effect that said statutes are constitutional."

## CERTIFICATION
### FROM ELIGIBLE REGISTER

Agency.......................................
Class of Positions.................................... Type of Certification....................
Eligible Register Used.................................... Number....................

As of this date the following named persons are on an appropriate eligible register for the class of positions wherein the vacancy occurs. The appointment shall be on a probationary basis beginning on the effective date of appointment shown for a period of............months.

| SCORE OR RANK | NAME AND ADDRESS | TELEPHONE | INTERVIEWED (Yes—No) | INTERESTED (Yes—No) | APPOINTED (Yes—No) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

184

Date of Certification_____

Personnel Director_____ By:_____

## EMPLOYEE'S WITHHOLDING EXEMPTION CERTIFICATE
### (Federal Form W-4)

I claim the following number of tax exemptions:

Self (if claimed)_____ Husband or wife (if claimed)_____ ...................... Total_____

Exemption for age. (If you and/or your spouse will be 65 or over during year, write number) ......................

Exemption for blindness. (If you and/or your spouse are blind, write number) ......................

Dependent exemptions. (Write the number of legally qualified exemptions) ......................

TOTAL ☐

I certify that the number of withholding exemptions claimed above does not exceed the number to which I am entitled. My social security number is

Date_____ Signature_____

## EMPLOYEE'S LOYALTY AFFIDAVIT
### Required by Chapter 21, Article-305, Gen. Stat. 1949

I, _____, swear or affirm that I do not advocate, nor am I a member of any political party or organization that advocates the overthrow of the government of the United States or of the state by force or violence; and that during such time as I am an officer or employee of the state of Kansas I will not advocate nor become a member of any political party or organization that advocates the overthrow of the government of the United States or of this state by force or violence.

Date_____ Signature_____

GENERAL INSTRUCTIONS: This form is to be used to request names from the eligible register to fill classified positions and to report appointment of persons to Unclassified positions, Classified Exempt positions, and Emergency positions. Complete one set of forms for each position. Keep goldenrod copy. Send other copies to Personnel Division. After appointment is processed three copies will be retained and others returned to agency. Provisional appointments may not be made without prior approval by Personnel Division. Agency should first request certification of names. If names are not available; authorization will be given to appoint provisionally. With each provisional appointment form DA 205 must be submitted. If the examination for the class is announced, the appointee should submit an application, form DA 203, which may be substituted for form DA 205. Appointee must meet any minimum qualifications required by the specifications for the class. Have appointee sign withholding certificate and loyalty affidavit.

STATE OF KANSAS
Department of Administration
PERSONNEL DIVISION
801 HARRISON, TOPEKA

**PERSONNEL REQUISITION and/or Appointment**
(Instructions on other side)

Form DA-216 (Rev. 4-65)

Transaction Number _____

| Appointment in the | Appointment in the |
|---|---|
| ☐ Request for Certification | ☐ Classified Exempt Service | ☐ Unclassified Service |

Agency: _____ Organ, Unit: _____

Position Title: _____ Position Number: _____

Replacement For: _____ Place of Work: _____

Proposed Pay Rate: $ _____ /mo. _____ /hr. Sex Desired: M___ F___ E___ Date Position Vacant: _____

Request to fill vacancy by:

Position is established on following basis:

____ Appointment from open-competitive register.

____ Permanent full time.

____ Promotional appointment.

____ Permanent _____ % time.

____ Reinstatement of _____

____ Permanent Intermittent (on call).

____ from reinstatement register.

____ Temporary full time. _____ days (limit 3 months).

____ Non-Competitive Promotional Examination for _____

____ Temporary _____ % time _____ days (limit 3 months).

_____

____ Seasonal _____ days (limit 6 months).

____ Provisional appointment (after authorization).

____ DOES _____ DOES NOT require at least 1,000 hours work per year.

____ Emergency (limited to 10 working days).

Date _____ Signature of requesting officer X _____

Appointee is new to state service. Yes _____, No _____. If no, give month and year last on payroll _____

273 F.Supp.—12½

186

Appointee previously covered by: KPERS_____ TIAA_____ Neither_____

If covered, give name of jurisdiction and date last paid:

Appointee currently employed by state: Yes_____, No_____, If yes, agency code_____ Payroll department code_____

Retirement Data: Social Security_____ KPERS: E___, P___, N___, Date_____, Other System_____

Personal Data: U. S. Citizen_____ Length of Kansas residence_____years_____months,

Sex_____ Birthdate_____ Marital Status_____ War Veteran: Yes_____ No_____ Years of education_____

Not eligible for KPERS if 59 or over. Current Address:

| Agency Code | Dept. | Social Security No. | Last | Name First | Initial | Class Title Code | Rate | Ex. Code | Less Maint. | Effective Date of Appointment |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | |

Method of Computing Pay is: Monthly_____ Part Time_____ % Hourly_____ ‖ No. days this month_____

_____ X _____

Date                Signature of appointing authority

AUTHORIZATION FOR PROVISIONAL APPOINTMENT

Appointment from appropriate register is on a probationary basis for_____months.

Type of Certification_____ Score_____ Name_____

Walter F. Kuiken, Personnel Director. By:

Type of Cert.:

Instructions

Appt. Type_____
Notif. Date_____
Date Due_____
New Empl._____

By:

| By | Appointment Approved Date | By | Roster Card Made Date | By | Payroll Card Made Date |
|---|---|---|---|---|---|
| | | | | | |

EXHIBIT B

8101 Juniper Drive
Shawnee Mission, Kansas
March 1, 1966

C. Arden Miller, M. D.
Provost, University of Kansas Medical Center.
Rainbow Boulevard at 39th Street
Kansas City, Kansas 66103

Dear Dr. Miller:

Last fall, in connection with an administrative change in my faculty position, I was asked to complete certain forms for employment by the State of Kansas. At that time I expressed my objection to the loyalty affidavit to Dr. Greaves, Chairman of the Department of Psychiatry. Dr. Greaves informed after checking through administrative channels that the University had no basis for questioning the constitutionality of the statute which covers the loyalty affidavit.

Since my original inquiry I have pursued the matter further, with the help of the National Legal Director of the American Civil Liberties Union and the legal assistance of the Greater Kansas City Affiliate of the American Civil Liberties Union. I have been advised by counsel that I should not be required to sign the loyalty affidavit in order to be employed by the State of Kansas. I am enclosing a brief legal statement, prepared by my attorney, Mr. Irving Achtenberg, upon which my continued refusal to sign the oath is based.

I might review my faculty status during this past year. Approximately a year ago I began teaching two seminars in psychoanalytic psychotherapy in the Department of Psychiatry. One seminar is for second and third year residents in psychiatry; the other is for staff (faculty) psychiatrists. I have continued to teach both seminars, every Thursday afternoon, until the present time. Shortly after starting to teach I received a letter from you notifying me of my appointment as Associate Clinical Professor of Psychiatry (Psychoanalysis). Since November 1, 1965, the date of my change of status, I have not been receiving the monthly remuneration which I had received previously. I assume this results from my not executing the required loyalty affidavit.

I find myself in a difficult position. I continue to object strongly to the required loyalty affidavit. Being in the form of a disclaimer, it has the State assuming that I am a disloyal citizen who intends to overthrow the government by force, unless I sign a statement to the contrary. Not only that, I have to declare that I will not join any organization which advocates such a position, regardless of my own beliefs or intentions. This seems to me to be an unnecessary intrusion by the State into the beliefs of its citizens. It is not only that the oath is impractical (since I should think that anyone with such treacherous plans would not hesitate to lie to conceal his intentions), nor even that it is somewhat ridiculous (since I am pressed to see how the teaching of psychotherapy to professional colleagues could result in the violent overthrow of anything, much less the government of Kansas). It is especially unpalatable in an educational setting, where the necessity for academic freedom is so obvious and so crucial to a free society. Lastly, but something I learned only a few weeks ago, the Kansas statute (to my utter amazement) states that mere refusal to sign the affidavit, just the refusal, not after a hearing or inquiry constitutes a felony! Thus the State assumes my guilt before I sign, and presumes to sentence me as a felon if I don't sign.

Teaching at the University of Kansas Medical Center is a gratifying and important professional function. Receiving the remuneration for my services is of no little significance either. But both have to assume secondary importance to the violation of my rights which I sincerely believe the Kansas loyalty requirement entails. As you may know, suits have been filed in many states against loyalty oaths. Some have already resulted in the decision that the oaths are unconstitutional. Some cases are in process

and others yet to be instituted. I am not certain at the moment whether litigation is my only recourse. I am writing to you for the purpose of informing you of my situation and to request that you take any action which is feasible and which you deem appropriate. I shall look forward to your response and advice.

Sincerely,

Gerald A. Ehrenreich, Ph.D.

GAE:rg

Encl.

cc: Irving Achtenberg
    Donald C. Greaves, M.D.

EXHIBIT C

March 16, 1966

Gerald A. Ehrenreich, Ph.D.
8101 Juniper Drive
Prairie Village, Kansas

Dear Doctor Ehrenreich:

Your letter and its enclosures concerning the Loyalty Oath were forwarded to the Chancellor with a covering letter. After careful review it is his judgment that no action or response is required on the part of the University.

Dr. Greaves informs me that you continue to provide valuable services to the educational program of the Department of Psychiatry and that compensation could be provided by means of honoraria from departmental resources as in the past. We very much value your participation and hope that it will continue on this basis.

With warmest regards.

Sincerely yours,

CAM:MW    C. ARDEN MILLER, M.D.,
Dean and Provost

cc: Dr. Donald Greaves
    Chancellor W. Clarke Wescoe

PLAINTIFF'S EXHIBIT
D
T-4122
PENGAD-Bayonne, N.J.

## LOYALTY AFFIDAVIT

### AS REQUIRED BY K.S.A. 21-305

I, _____ swear (or affirm) that I do not advocate, nor am I a member of any political party or organization that advocates the overthrow of the government of the United States or of the state by force or violence; and that

during such time as I am an officer or employee of the _____ I will not advocate nor become a member of any political party or organization that advocates the overthrow of the government of the United States or of this state by force or violence,

Dated at _____, Kansas, this _____ day of _____, 19____

_____
Officer or Employee

ACKNOWLEDGEMENT

Subscribed and sworn to before me this _____ day of _____, 19____

(AFFIX SEAL)

My commission expires _____ 19____
(To be used only by Notary Public.)

_____
(Person authorized to administer oath)

Filed this _____ day of _____ 19____

---

## DECREE

This cause having come on for trial at which all parties were present by counsel; and the court having heard the evidence and having considered the pleadings, evidence and argument of counsel; and being of the view that a decree should be entered in accordance with the opinion

of the court filed this date, which opinion constitutes also the court's findings of fact and conclusions of law,

It is ordered, adjudged and decreed by the Court:

1. The court declares and holds that § 21–305, Kansas Statutes Annotated, is unconstitutional and therefore invalid;

2. That the defendants and each of them, and their successors in office, are hereby enjoined from enforcing the provisions of § 21–305, Kansas Statutes Annotated; from requiring the plaintiff Ehrenreich to sign the oath set forth in § 21–305, Kansas Statutes Annotated; and from interfering with the continuation by any of the plaintiffs of their duties as employees of the State Board of Regents or of the State of Kansas because of the failure of any of the plaintiffs to take the oath prescribed by § 21–305, Kansas Statutes Annotated.