William W. Jeter Ellis County Counselor Emprise Bank Building PO Box 128 Hays, Kansas 67601
Dear Mr. Jeter:
As county counselor for Ellis County you inquire whether an appointed member of a joint city and county planning commission or board of zoning appeals must take an oath of office as required for all public officers pursuant to K.S.A. 75-4308.
You advise us that Ellis County adopted county wide zoning in 2005 and created a nine member planning commission pursuant to K.S.A. 12-744 and a board of zoning appeals pursuant to K.S.A. 12-759. Members of the board of zoning appeals have not been appointed. Members of both boards are not compensated nor considered employees of Ellis County. Currently, members are not required to take any oath of office. The planning commission serves as an advisory body to the board of county commissioners. The board of zoning appeals will act in a quasi-judicial capacity and its decisions may be appealed to district court.[1]
You refer to K.S.A. 75-4308 which states that "[b]efore entering upon the duties of his or her office or employment, each person to be employed by . . ." any state agency, county, city or other municipality, including schools, colleges and universities supported by public funds must take the oath of office described in K.S.A. 54-106.[2] K.S.A.54-106 states "[a]ll officers elected or appointed under any law of the state of Kansas shall, before entering upon the duties of their respective offices, take and subscribe an oath or affirmation. . . ."[3] At issue is whether planning commission and zoning board of appeals members are "officers" as contemplated in either statute.
Kansas has a long history of the requirement of an oath for public officers.[4] Prior to 1949, only officers were required to take the oath of office outlined in K.S.A. 54-106. The form of that oath was adopted in 1868.[5] This type of oath is best described as a promissory oath, "that binds the party to observe a specified course of conduct in the future."[6]
In 1949 the legislature enacted a statute that extended the oath requirement to public officers and all governmental employees.[7] The form of the new oath was a "loyalty oath." Subsequently, the loyalty oath was determined to be unconstitutional.[8] The next year, the legislature adopted K.S.A. 75-4308 and it has remained unchanged.[9]
The only time the term "public officer" is defined in the statutes is within the Kansas Criminal Code.[10] While there are criminal penalties attached to an officer who has not subscribed and filed the oath and who has received public funds in payment for services, [11]
the Code definition applies only to crimes contained within the Code.
If a term is not defined within the statutes, we must look to other sources for interpretation. The Kansas Supreme Court has commented upon the definition of "public officer" and relied upon elements that have been considered by other courts.[12] We also find helpful that one court has determined that the definition of "public officer" is dependent upon its context.[13] Finally, we note that Attorney General Robert T. Stephan concluded that a planning commission member is a "public officer."[14] However, the statute considered in General Stephan's opinion has been repealed so it is worth revisiting the question within the context of K.S.A. 75-4308.
Courts have consistently considered the following criteria when determining if a position is a "public officer" as opposed to a public employee.
 1. The creation of the person's position by either a state constitution or statutes, as well as the prescription of his or her duties and powers by statute, rather than by contract.
 2. A requirement of law that such person be elected or appointed.
 3. The person is appointed to serve for a specified time.
 4. The person is frequently required to take an oath of office.
 5. There is discretionary authority and the exercise of some portion of sovereign power to carry out the person's duties.[15]
The next step is to determine whether members of either the planning commission or the zoning board of appeals fall within the above criteria. It does not appear to be necessary that a public officer meet all of the criteria, but the exercise of sovereign power is most important. Each of the five indicators above are briefly analyzed:
 1. Planning commissions and zoning boards of appeals are authorized by K.S.A. 12-744 and 12-759, respectively, and are created by city ordinance or county resolution. The statutes also set out the duties and powers of each board.
 2. Members of planning commissions and zoning boards of appeals are appointed by the appropriate city council or county commission.[16]
 3. The term of office for planning commission members is established by the adopting city council.[17] The term of office for a zoning board of appeals member is established by statute.[18]
 4. The requirement of an oath prior to taking office may be satisfied by K.S.A. 75-4308.
 5. When considering the use of sovereign power as an element of the definition of a public officer, the essential characteristic is that duties must be performed independently and without control of a superior officer, other than the law.[19]
There is no doubt that both a planning commission and zoning board of appeals exercise independent, discretionary judgment concerning the matters before them. The key difference is the planning commission is advisory to either the city council or county commissioners, while the zoning board of appeals renders a final decision subject to judicial review.[20]
Applying the five elements to both planning commission members and members of the zoning board of appeals, there is a much stronger case that the zoning board of appeals are public officers because of their quasi-judicial role. The decisions of the planning commission are advisory only, so there is some question whether they exercise some portion of sovereign power. One court considered this question and determined that the delegation of planning and zoning authority, even though advisory, qualified planning and zoning commission members as "public officers."[21] In light of General Stephan's opinion, and the opinions of several other Attorneys General, [22] it is our opinion that members of planning commissions and boards of zoning appeals are officers for purposes of K.S.A. 75-4308. Taking the promissory oath adds formality and acts as a reminder to board and commission members that actions taken must comply with the law.
Sincerely,
 Stephen N. Six Attorney General of Kansas
 Michael J. Smith Assistant Attorney General
SNS:MF:MJS:jm
[1] K.S.A. 12-759(f).
[2] Emphasis added.
[3] Emphasis added.
[4] See 1855 Kansas Territory Law, ch. 117. There was no definition of "officer." However, Chapter 119 provided a list of officers and their compensation. The list includes: district attorney, county clerk, probate judge, clerk of the supreme court, clerk of the district court, sheriff, coroner, constable, justice of the peace, notary public, recorder, county commissioners, jurors and witnesses.
[5] G.S. 1868, ch. 72, ***sect;*** 6.
[6] Black's Law Dictionary 878 (7th ed. 2000).
[7] K.S.A. 21-305; Repealed, L. 1968, ch. 106, ***sect;*** 8.
[8] Ehrenreich v. Londerholm, 273 F. Supp. 178 (D.Kan. 1967).
[9] L. 1968, ch. 106, ***sect;*** 1.
[10] K.S.A. 21-3110(19).
[11] K.S.A. 75-4314. See K.S.A. 75-4313 (unlawful for local government disbursing officer to disburse funds in payment for services to an officer who has not subscribed and filed the oath.)
[12] Durflinger v. Artiles, 234 Kan. 484, 502-505 (1983) citingSowers v. Wells, 150 Kan. 630 (1939) and 63 Am Jur. 2d Public Officersand Employees ***sect;*** 11 (1963).
[13] Matczak v. Mathews, 60 N.W.2d, 352, 354 (Wis. 1953).
[14] Attorney General Opinion No. 81-50 considering whether an attorney appointed to a planning commission member is a "public officer" and subject to a conflict of interest as defined in K.S.A. 12-1601. (K.S.A. 12-1601 was repealed, L. 1981, ch. 79, ***sect;*** 1.)
[15] 63C Am.Jur.2d Public Officers and Employees ***sect;*** 7 (1997).
[16] K.S.A. 12-744(a).
[17] K.S.A. 12-744(b). See also Attorney General Opinion No. 2001-24
discussing the ongoing nature of a planning commission.
[18] K.S.A. 12-759(a).
[19] 63C Am.Jur.2d Public Officers and Employees ***sect;*** 3 (1997).
[20] K.S.A. 12-760.
[21] People v. Drish, 321 N.E.2d 179 (Ill. 1974).
[22] Attorney General Opinion No. 81-50. Several other Attorneys General have reached a similar conclusion applying similar criteria: 50 W. Va. Op. Atty Gen. 529 and 593 (1963 and1964); 15 Okla. Op. Att'y Gen. 470, Okla. Atty. Gen. Op. 83-249; and Tex. Atty. Gen. Op. JM-704 (1987).