**Dessie KNOX and Charles Knox,
her husband, Plaintiffs,**

v.

**The REGENTS OF the UNIVERSITY OF
WISCONSIN et al., Defendants.**

**Civ. A. No. 73–C–678.**

United States District Court,
E. D. Wisconsin.

Jan. 8, 1975.

Garbis C. Jeknavorian, Milwaukee, Wis., for plaintiffs.

William J. French, Milwaukee, Wis., for defendants, The Regents of the University of Wis. and Gibbs, Roper & Fifield, Milwaukee, of counsel.

LeRoy L. Dalton, Asst. Atty. Gen., Madison, Wis., for defendant State of Wis.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is an action for personal injuries based on diversity of citizenship, 28 U.S.C. § 1332. Plaintiff Dessie Knox, an Illinois resident, alleges that while attending the University of Wisconsin-Milwaukee, she slipped and fell while leaving a university dormitory and suffered severe personal injuries. Plaintiff joined as defendants the Regents of the University of Wisconsin, Employers Insurance of Wausau, and the State of Wisconsin. The State of Wisconsin entered a special appearance and moved to dismiss the action as to itself. In its motion to dismiss, the State of Wisconsin alleges that this court lacks jurisdiction over the person of the defendant and the subject matter ·of the action. This motion must be granted.

 The Eleventh Amendment to the United States Constitution provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State * * *."

The face of the complaint shows that plaintiffs are citizens of Illinois. The Eleventh Amendment expressly denied authority to federal courts to entertain a suit against a state without its consent. A state may, however, consent to be sued and thereby waive its immunity under the Eleventh Amendment. Where the issue of waiver arises, the general rule is that a waiver of immunity will be found only where expressly stated. A plaintiff bears a heavy burden of proof to demonstrate a waiver of sovereign immunity, and waiver is never implied. Daye v. Commonwealth of Pennsylvania, 344 F.Supp. 1337 (E.D.Pa. 1972); Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); Brown Bros. Equip. Co. v. State of Michigan, 266 F.Supp. 506 (W.D.Mich.1967); S. J. Groves & Sons Co. v. New Jersey Turnpike Authority, 268 F.Supp. 568 (D.N. J.1967). Whether a state has waived its immunity and therefore is a proper party notwithstanding the Eleventh Amendment is a question of state law. Flores v. Norton & Ramsey Lines, Inc., 352 F. Supp. 150 (D.Tex.1972); Daye v. Commonwealth of Pennsylvania, supra. Thus the ultimate issue for resolution presented by defendant's motion is whether the State of Wisconsin has waived its sovereign immunity.

 The Wisconsin court in Holytz v. City of Milwaukee, 17 Wis.2d 26, 115 N.W.2d 618 (1962), removed the substantive defense of governmental tort immunity. However, the court made it clear that abolition of substantive immunity did not affect the state's sovereign right under Article IV, Sec. 27, of the Wisconsin Constitution to be sued only upon its consent. Cords v. State, 62 Wis.2d 42, 214 N.W.2d 405 (1974). In Holytz, supra, 17 Wis.2d at 41, 115 N.W.2d at 625, the Wisconsin court held:

"Henceforward, there will be substantive liability on the part of the state, but the right to sue the state is subject to sec. 27, Art. IV of the Wisconsin Constitution which provides: 'The legislature shall direct by law in what manner and in what courts suits may be brought against the state.' The decision in the case at bar removes the state's defense of nonliability for torts, but it has no effect upon the state's sovereign right under the Constitution to be sued only upon its consent."

Prior to Holytz there were two reasons for the state's immunity from suit: (1) the substantive governmental tort immunity, and (2) the lack of procedural implementation by the legislature under Article IV, Sec. 27. Holytz removed only the first barrier. The second barrier remains.

The Wisconsin Supreme Court considered the problem of state immunity subsequent to Holytz in Forseth v. Sweet, 38 Wis.2d 676, 158 N.W.2d 370 (1968), and Cords v. State, 62 Wis.2d 42, 214 N.W.2d 405 (1974). In each of these cases the Wisconsin court held that the

legislature has not expressly nor impliedly acted under Article IV, Sec. 27, to direct in what manner and in what court suits may be brought against the state. Consequently, the State of Wisconsin has not waived its immunity.

■ The State of Wisconsin, not having consented to a suit in this instance, may not be sued by virtue of the Eleventh Amendment of the United States Constitution.

It is therefore ordered that the motion to dismiss of the defendant State of Wisconsin is granted.

It is further ordered that a status conference with the remaining parties be held in Courtroom No. 425, 517 East Wisconsin Avenue, Milwaukee, Wisconsin, at 10:30 A.M., on Friday, January 10, 1975.