**Robert E. WARE, Plaintiff,**

v.

**Donald PERCY, Donald Schneider, and John Gagnon, Defendants.**

No. 79–C–59.

United States District Court, E. D. Wisconsin.

April 19, 1979.

Robert E. Ware, pro se.

Bronson C. LaFollette, Wis. Atty. Gen., by Steven C. Underwood, Madison, Wis., for defendants.

### DECISION and ORDER

MYRON L. GORDON, District Judge.

This action is before me on the defendants' motion to dismiss. The plaintiff, proceeding pro se, filed this action alleging that the defendants revoked his parole and incarcerated him in an unconstitutional manner. Based on these claims, the plaintiff seeks declaratory relief and damages pursuant to 42 U.S.C. § 1983.

The defendants have advanced three arguments in support of their motion to dismiss. For the reasons which follow, I find that none of the arguments upon which the defendants rely justify dismissal of this suit.

■ The defendants first contend that the relief actually sought by the plaintiff is release from incarceration and that following *Preiser v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the plaintiff's sole remedy is a writ of habeas corpus under 28 U.S.C. § 2254. They further argue that under § 2254(b) petitioners are required to have exhausted their state remedies, and that since the plaintiff has not done so, the plaintiff's action should be dismissed.

While it is likely that the defendants are correct in their assertion that the plaintiff wants to be released from custody, that remedy has not been sought in this action. Nowhere in his complaint does the plaintiff ask to be released. Furthermore, in his response to the instant motion, the plaintiff states that he "does not seek a release from confinement." The plaintiff in an action separate from the one at bar, has sought release from custody under 28 U.S.C.

§ 2254. *Ware v. Gagnon,* case number 79–C–35.

■ The plaintiff's second argument is based on the fact that the plaintiff's claim for damages arises solely from his alleged illegal confinement. The defendants contend that since the plaintiff's confinement has yet to be invalidated by means of habeas corpus, his present claim must be dismissed. The defendants' contention is supported by decisions of two United States circuit courts which have held that where a prisoner brings a suit for damages based on the illegality of his incarceration, comity requires state remedies to be exhausted. *Fulford v. Klein,* 529 F.2d 377 (5th Cir. 1976); *Macklin v. Circuit Court,* No. 75–1085 (4th Cir. August 25, 1975).

There appears to be no comparable ruling by the court of appeals for the seventh circuit. I believe that an extension of the exhaustion requirement to damage actions brought under 42 U.S.C. § 1983 is contrary to case law developed by the Supreme Court in this area.

42 U.S.C. § 1983 provides:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen . . . or other person . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

In *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971), the Court held that state prisoners bringing claims under § 1983 need not exhaust available state remedies. In *Preiscr v. Rodriguez,* 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973), the Court limited the effect of *Wilwording,* by limiting the types of actions which can be brought by prisoners under § 1983:

". . . we hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, *and* the relief he seeks is a determination

that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." (emphasis added). Id. at 500, 93 S.Ct. at 1841.

While the Court in *Preiser* limited the types of action that can be brought by prisoners under § 1983, the Court explicitly stated that actions for damages could properly be brought by prisoners under § 1983:

"If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy. Accordingly, as petitioners themselves concede, a damages action by a state prisoner could be brought under the Civil Rights Act in federal court without any requirement of prior exhaustion of state remedies. Cf. *Ray v. Fritz*, 468 F.2d 586 (CA2 1972)." Id. at 474, 93 S.Ct. at 1838.

Thus, in my judgment, it would be inconsistent with *Preiser* to dismiss the plaintiff's damage claims in this action for failure to exhaust state remedies.

■■■ The final argument raised by the defendants in support of their motion to dismiss is that the plaintiff's claim for damages is barred by the Eleventh Amendment. That amendment provides:

"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

This action was filed against three state officers individually and in their official capacities. The Eleventh Amendment bars actions which are in essence brought to recover money from the state even though individual officials are nominal defendants. *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459, 464, 65 S.Ct. 347, 89 L.Ed. 389 (1945). The defendants claim that under § 895.46, Wis.Stats., the state of Wisconsin

will compensate them for any liability incurred in this suit. They therefore contend that this action is against the state of Wisconsin and is barred by the Eleventh Amendment.

The defendants' reliance on § 895.46 is misplaced. The purpose of that section is not to transform any suit against a state employee into a suit against the state, but to shield state employees from monetary loss in tort suits to which they were subject under Wisconsin law. *Cords v. Ehly*, 62 Wis.2d 42, 214 N.W.2d 405 (1974).

Moreover, in *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1687, 40 L.Ed.2d 90 (1974), the Court stated:

" . . . since *Ex parte Young*, 209 U.S. 123 [28 S.Ct. 441, 52 L.Ed. 714] (1908), it has been settled that the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law.

. . . . .

" . . . damages against individual defendants are a permissible remedy in some circumstances notwithstanding the fact that they hold public office."

Since the defendants in this action have been sued as individuals, the Eleventh Amendment does not bar the plaintiff's claims for damages in this case.

Therefore, IT IS ORDERED that the defendants' motion to dismiss be and hereby is denied.