FIALA, Plaintiff-Respondent, v. VOIGHT, Individually and as Secretary of the Department of Natural Resources, and others, Defendants-Appellants.

Supreme Court

*No. 77–266. Argued December 3, 1979.—Decided January 8, 1980.*
(Also reported in 286 N.W.2d 824.)

For the appellants the cause was argued by *Charles R. Larsen,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

For the respondent there was a brief by *Kaftan, Kaftan, Kaftan, Kuehne, Van Egeren & Ostrow, S.C.,* and oral argument by *Winston A. Ostrow,* all of Green Bay.

COFFEY, J.   This is an appeal from an order of the Circuit Court for Kewaunee County overruling the state's demurrer to the plaintiff-respondent (hereinafter respondent), Loddie Fiala's, complaint alleging that wardens of the Department of Natural Resources unlawfully seized 24 boxes of trout and whitefish on June 14, 1975 from his truck in the City of Kewaunee.   Fiala alleged that the taking of the fish constituted:

1. a wrongful conversion of the respondent's property; and

2. an unlawful and unconstitutional seizure of respondent's property in violation of his civil rights.

The respondent further alleged that the defendant, Lester Voight, the Secretary of the Wisconsin Department of Natural Resources, (hereinafter referred to as the Department), was negligent in his supervision and control of the defendants McOlash and Olson, wardens of the Department.   The respondent joined the state as a party defendant contending that the state ". . . has agreed to act as indemnitor for officers and employees of the State of Wisconsin who are proceeded against at law because of acts committed while carrying out their official duties and while acting within the scope of their employment . . ."   Further, the respondent contended ". . . that the State of Wisconsin has consented to be sued as indemnitor for such employees in such actions, and that the State of Wisconsin as indemnitor for defendant Voight, McOlash and Olson is a proper party to this action under sec. 270.58 [now renumbered 895.46 (1) '] of the Wisconsin Statutes."

---

' "895.46 State and political subdivisions thereof to pay judgments taken against officers.   (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in an official capacity or is proceeded against as an individual because of acts committed while carrying out duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of employment

The defendants-appellants demurred to the complaint alleging that the court lacked jurisdiction over the state based on the doctrine of sovereign immunity and ". . . because the statutes contain no express consent by the state to be sued on any of the causes of action asserted in the complaint." The defendant-wardens, Olson and McOlash, answered the complaint and affirmatively alleged that the fish were seized because they were ". . . transported in violation of sec. 29.135,[2] Wis. Stats." Specifically,

the judgment as to damages and costs entered against the officer or employe in excess of any insurance applicable to such officer or employe shall be paid by the state or political subdivision of which the defendant is an officer or employe. Agents of any department of the state shall be covered by this section while acting within the scope of any written agreement entered into prior to the occurrence of any act which results in any action or special proceeding. Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant officer or employe did not act within the scope of employment. Failure by the officer or employe to give notice to his or her department head of action or special proceeding commenced against the defendant officer or employe as soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such offer is refused by the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board."

[2] "29.135 **Wholesale fish dealer's license.**

". . .

"(4) No person, licensed under sub. (2) shall transport or cause to be transported, or deliver or receive for transportation, any package or parcel containing any fish or carcass or part thereof unless it is labeled legibly in English on its address side so as to

they contend that the boxes of fish in transit from Big Bay DeNoc Fisheries, Garden, Michigan to Fiala's Fish Market in Kewaunee, Wisconsin for sale ". . . appeared to lack identification as to the type of fish, the number of pounds of fish, the consignor, and/or the destination." In addition, upon inspection it was discovered that the invoice for the fish did not conform to the quantity and type of fish contained in the truck.

On August 10, 1977 the trial court ruled that the state ". . . can be sued as indemnitor of its officers and employees, under sec. 270.58 of the Wisconsin Statutes, and that the demurrer should be overruled." In its written decision the court adopted and incorporated the respondent's brief, opposing the state's demurrer, for the rationale of its ruling. The state appeals from the court's order overruling its demurrer to the complaint.

*Issues*

1. Whether the State of Wisconsin may be joined as a party defendant as indemnitor for state employees named as defendants, pursuant to sec. 895.46(1) [formerly sec. 270.58], Stats.?

2. Should the doctrine of sovereign immunity be overruled?

On appeal the state contends that it enjoys the benefits of the doctrine of sovereign immunity and therefore cannot be sued without its consent. Furthermore, the state claims the trial court erred in overruling the demurrer, and finding that sec. 270.58, Stats., implies consent on the part of the state to being sued as an indemnitor for its employees. The respondent, on the other hand, alleges that secs. 895.46(1) and 895.45, Stats., clearly es-

disclose the name and address of the consignor which shall be identical to that on the license, the name and address of the consignee and the number of pounds of each kind of fish contained in such package or parcel and the number of his license."

tablishes that the legislature intended to permit suits against the state when and if such employees are acting within the scope of their employment. In the alternative, the respondent further contends that Wisconsin's sovereign immunity doctrine is antiquated and disfavored and should thus be eliminated or at least restricted.

This court in *Lister v. Board of Regents,* 72 Wis.2d 282, 240 N.W.2d 610 (1976) held that the doctrine of sovereign immunity is ". . . procedural in nature and, if properly raised, deprives the court of personal jurisdiction over the state" and therefore the state cannot be sued without its consent. *Id.* at 291.

This court in *Holytz v. Milwaukee,* 17 Wis.2d 26, 115 N.W.2d 618 (1962) expressed its disapproval of the sovereign immunity doctrine when eliminating governmental immunity for tort suits,[3] but held that this action:

". . . has no effect upon the state's sovereign right under the constitution to be sued only upon its consent." *Id.* at 41.

In addition, case law establishes that any change or elimination of the sovereign immunity doctrine must come from the legislature:

"The doctrine of procedural immunity as to the state itself should be removed, but this change is directed to the legislature. The judiciary cannot step in where the legislature has failed to act to commence a change in the

---

[3] It should be pointed out that there is a distinction between "governmental immunity from torts" and "sovereign immunity of the state from suits." Governmental immunity was a form of substantive nonliability whereby the state was exempt from liability for the torts of its officers. Sovereign immunity, on the other hand, is a form of procedural immunity allowing the state to be sued only upon its consent. *Holytz v. Milwaukee, supra,* and *Apfelbacher v. State,* 160 Wis. 565, 152 N.W. 144 (1915).

state's constitution." *Cords v. State,* 62 Wis.2d 42, 48, 214 N.W.2d 405 (1974).

Thus, if we were to agree with the respondent's contention that the doctrine of sovereign immunity is antiquated and disfavored, and deserves further consideration, we suggest that any change in this doctrine should be only initiated by and emanate from the legislative branch as the foundation of this doctrine is found in the following language of the Wisconsin Constitution, art. IV, sec. 27.

"The legislature shall direct by law in what manner and in what court suits may be brought against the state."

In *Cords v. State, supra,* this court held ". . . the wording of art. IV, sec. 27 of the Wisconsin Constitution which says that 'The legislature shall direct . . .' has always been interpreted as vesting exclusive control over immunity from suit in the legislature." *Id.* at 49–50. *See also: Forseth v. Sweet,* 38 Wis.2d 676, 689, 158 N.W.2d 370 (1968); *Townsend v. Wisconsin Desert Horse Assoc.,* 42 Wis.2d 414, 421, 167 N.W.2d 425 (1969).

Therefore, since the legislature and this court have not overturned or restricted the doctrine of sovereign immunity, we hold the state cannot be sued without its consent.

In overruling the state's demurrer to the complaint based on the sovereign immunity doctrine, the court decided that sec. 270.58, Stats., constituted consent by the state to being sued as indemnitor for state employees. On appeal the appellant has challenged the trial court's finding.

In *Kegonsa Jt. Sanit. Dist. v. City of Stoughton,* 87 Wis.2d 131, 274 N.W.2d 598 (1979) this court held that there must exist *express legislative authorization* in order for the state to be sued:

" 'It is not disputed that it is an established principle of law that no action will lie against a sovereign state in the absence of *express legislative permission.* It is further established that when a sovereign permits itself to be sued upon certain conditions, compliance therewith is a jurisdictional matter, and a suit against the sovereign may not be maintained unless such conditions are complied with.' (emphasis supplied) *State ex rel. Martin v. Reis,* 230 Wis. 683, 685, 284 N.W. 580 (1939)." *Id.* at 144–45.

In *Cords v. State, supra,* this court clearly stated that sec. 270.58, Stats., has ". . . been interpreted *not to be a consent by the state to be sued in tort."* (Emphasis supplied.) *Id.* at 50. Furthermore, in the companion case of *Cords v. Ehly,* 62 Wis.2d 31, 214 N.W.2d 432 (1974) the court discussed the effect of sec. 270.58, Stats., and held as follows:

*"This statute was discussed in Forseth v. Sweet. In that case the plaintiff contended that sec. 270.58, Stats., was a consent by the state to direct suit. This court disagreed with that conclusion as to the effect and intent of the statute.* The court agreed that the statute placed the state in a somewhat anomalous position for it accepts responsibility for the results of a lawsuit without the right to direct the strategy of defense. This court, however, did not conclude that the awkward hiatus thus created authorized the conclusion that the state had consented to be sued directly. This court found it doubtful that the legislature would reverse seventy years of consistent statutory interpretation disallowing suits against the state by so obscure and devious a method. However, this case did label the state as a real party in interest.

"The individual state employee defendants in this case contend that sec. 270.58, Stats., automatically transforms any suit against a state employee into a suit against the state because the state is potentially liable on the judgment. However, if sec. 270.58 is read to provide that suits in tort against state employees are to be treated as suits in tort against the state, and if the legislature has not by that statute consented to suits in tort against the state, then no damage judgments could be obtained in

suits against state employees, and the provision in sec. 270.58 for the payment of such damages out of state funds would be meaningless.

"Quite the contrary, it is clear that in enacting sec. 270.58, Stats., the legislature contemplated that state employees were subject to suit in tort under the law of Wisconsin and wished gratuitously to shield them from monetary loss in such suits.

"However, the defendants are not alone in their misinterpretation of the effect of sec. 270.58, Stats. The plaintiffs apparently contend that they are bringing this suit pursuant to sec. 270.58. In other words they feel that sec. 270.58 is a substantive statute creating a cause of action against employees for any action or inaction within the scope of their employment. At page 10 of their brief, plaintiffs-respondents state that the *Forseth Case* 'acknowledges that the statute permits direct suit against state employees acting in good faith.' And again at page 12 of their brief respondents state 'We contend simply that the statute permits suit against Ehly.' The trial court apparently agreed with the plaintiffs' interpretation of the statute. The trial court in its decision overruling the defendants' demurrer said:

"'. . . Sec. 270.58 permits suits against employees of the state for acts committed while carrying out their duties and makes the State liable on the judgment. The barrier of immunity still stands in favor of the State because it has never been legislatively removed. The Legislature has gone only so far as to permit suits against State employees and the establishment of indirect liability on the State by the enactment of Section 270.58.'

"In *Forseth v. Sweet* this court said that '[n]o new exposure to substantive liability was contemplated by this statute.' The most recent case to discuss sec. 270.58, Stats., was *Chart v. Dvorak.* The original decision contained language which led the plaintiffs to conclude that the statute did create a course of action against employees. The offending sentence was clarified on rehearing. The case had referred to sec. 270.58 as embodying the 'long settled law . . . that public officers or employees may be proceeded against in their official capacities.' It was called to the court's attention that this could be construed as a rule of liability. On rehearing the court indicated that that was not intended. The court said:

" '. . . It was not so intended; and were it given that blanket interpretation, it would be incorrect. *Sec. 270.58 imposes an obligation on the state or municipality only if a judgment has been secured against the officer or employee.* As stated in the opinion, the duty of the defendants herein was of a nondelegable, ministerial nature. These facts, if proved on trial, would impose liability not on the basis of sec. 270.58, but rather on the rationale of *Meyer v. Carman* (1955), 271 Wis. 329, 73 N.W.2d 514.

"This adequately shows the error of the plaintiffs and the trial court. Any liability of state employees is governed by the common law as adopted in this state by the supreme court. If the defendants are liable under the applicable doctrines, then sec. 270.58 provides that the state will pay the judgment if the action or inaction giving rise to the liability was done in good faith within the scope of state employment. *Sec. 270.58 does not become applicable until after a judgment of liability is entered.*" (Emphasis supplied.) *Id.* at 36–38.

Subsequent to the decisions of *Cords v. State, supra,* and *Cords v. Ehly, supra,* the legislature, in Laws of 1973, ch. 333, sec. 173p, amended sec. 270.58, Stats. At the time this action was commenced, sec. 270.58, Stats., read as follows:

"270.58 **State and political subdivisions thereof to pay judgments taken against officers.** (1) Where the defendant in any action or special proceeding is a public officer or employe and is proceeded against in his official capacity or is proceeded against as an individual because of acts committed while carrying out his duties as an officer or employe and the jury or the court finds that such defendant was acting within the scope of his employment the judgment as to damages and costs entered against the officer or employe shall be paid by the state or political subdivision of which he is an officer or employe. Regardless of the results of the litigation the governmental unit, when it does not provide legal counsel to the defendant officer or employe, shall pay reasonable attorney's fees and costs of defending the action, unless it is found by the court or jury that the defendant

officer or employe did not act within the scope of his employment. Failure by the officer or employe to give notice to his department head of action or special proceeding commenced against him as soon as reasonably possible shall be a bar to recovery by the officer or employe from the state or political subdivision of reasonable attorney's fees and costs of defending the action. Such attorney's fees and expenses shall not be recoverable if the state or political subdivision offers the officer or employe legal counsel and such offer is refused by the defendant officer or employe. Deputy sheriffs in those counties where they serve not at the will of the sheriff but on civil service basis shall be covered by this subsection, except that the provision relating to payment of the judgment shall be discretionary and not mandatory. In such counties the judgment as to damages and costs may be paid by the county if approved by the county board.

"(2) Any town officer held personally liable for reimbursement of any public funds paid out in good faith pursuant to the directions of electors at any annual or special town meeting shall be reimbursed by the town for the amount of the judgment for damages and costs entered against him."

The respondent claims that the amended sec. 270.58, plus the newly created sec. 895.45, Stats.,[4] provides some evi-

---

[4] "895.45 Timeliness, definition of claimant, notice and limited liability. (1) No civil action or civil proceeding may be brought against any state officer, employe or agent for or on account of any act growing out of or committed in the course of the discharge of such officer's, employe's or agent's duties, unless within 90 days of the event causing the injury, damage or death giving rise to the civil action or civil proceeding, the claimant in the action or proceeding serves upon the attorney general written notice of a claim stating the time, date, location and the circumstances of the event giving rise to the claim for the injury, damage or death and the names of persons involved, including the name of the state officer, employe or agent involved.

"(2) In this section, 'claimant' means the person or entity sustaining the damage or injury or his agent, attorney or personal representative.

dence of the fact that the state had consented to being sued in this case. However, we hold that neither the amendment of sec. 270.58(1) nor the addition of sec. 895.45, Stats., provide the "express legislative permission [consent]" necessary for the state to be sued. *Kegonsa Jt. Sanit. Dist. v. City of Stoughton, supra.*

Lastly, the trial court in its decision ruled that ". . . there are two lines of authority coming from our Supreme Court which provide inconsistent interpretations of the language of Section 270.58. . . .", and thus these two conflicting lines of cases "cancel one another out" and therefore the court considered this case as one of initial consideration or first impression. Further, the trial court concluded that sec. 270.58, Stats., permitted joinder of the state as indemnitor of state employees for acts done while in the scope of their employment. However, neither the trial court nor the respondent cite any authority to support their respective positions that the alleged conflicting lines of cases substantially challenges each other's legal foundation and reasoning and thus compelled the trial court, as stated, to consider the pending case as one of first impression. Also, we do not adopt the legal reasoning of the trial court that *Larson v. Lester,* 259 Wis. 440, 49 N.W.2d 414 (1951) and *Forseth* are in conflict. *Larson v. Lester, supra,* and its successor cases[5] allow

---

"(3) The notice under sub. (1) shall be sworn to by the claimant and shall be served upon the attorney general at his office in the capitol by certified mail. Notice shall be considered to be given upon mailing for the purpose of computing the time of giving notice.

"(4) The amount recoverable by any person or entity for any damages, injuries or death in any civil action or civil proceeding against a state officer, employe or agent shall not exceed $100,000. No punitive damages may be allowed or recoverable in any such action."

[5] *Matczak v. Mathews,* 265 Wis. 1, 60 N.W.2d 352 (1953); *Smith v. Jefferson,* 8 Wis.2d 378, 99 N.W.2d 119 (1959); *Rogers v. Oco-*

prejudgment joinder of certain governmental units in actions against its employees or officers. On the other hand, *Forseth v. Sweet, supra,* and its progeny[6] forbid prejudgment joinder of the *state* in tort actions brought against its employees or officers. Both cases rely on sec. 270.58. However, *Forseth* and cases of similar legal reasoning can be distinguished from the *Larson* line of cases in that in *Forseth* the state enjoyed the benefits of the sovereign immunity doctrine and in the absence of statutory consent to being sued it could not be joined as indemnitor pursuant to sec. 270.58. On the other hand, *Larson* involved a local governmental unit, *i.e.* a village, that could be joined in the action as an indemnitor since it was not entitled to the protection of sovereign immunity under Wisconsin case law. Thus, local governmental units not protected by the doctrine of sovereign immunity are susceptible to joinder as indemnitors pursuant to the provisions of sec. 270.58. Therefore, we hold the state, in accordance with the holding in *Forseth, supra,* and in light of sec. 270.58, is entitled to the protection of the sovereign immunity doctrine and thus the state could not be joined as a party in the absence of future legislative enactment establishing its consent to being sued. Since the state has not consented to being sued in this case, we hold that the trial court lacked personal jurisdiction over the state and thus erred in denying the state's demurrer to the respondent's complaint.

*By the Court.*—Order reversed and cause remanded for proceedings consistent with this opinion.

---

*nomowoc,* 16 Wis.2d 621, 115 N.W.2d 635 (1962); *Anderson v. Green Bay Hockey, Inc.,* 56 Wis.2d 763, 203 N.W.2d 79 (1973) overruled on other grounds in *Lupovici v. Hunzinger Const. Co.,* 79 Wis.2d 491, 255 N.W.2d 590 (1977); *Madison v. Hyland, Hall & Co.,* 73 Wis.2d 364, 243 N.W.2d 422 (1976).

[6] *Chart v. Dvorak,* 57 Wis.2d 92, 203 N.W.2d 673 (1973); *Cords v. Ehly,* 62 Wis.2d 31, 214 N.W.2d 432 (1974); *Cords v. State,* 62 Wis.2d 42, 214 N.W.2d 405 (1974); *See also: Ware v. Percy,* 468 F. Supp. 1266 (E.D. Wis. 1979).